(No. 26045.—

LOUIS KNECHT, Appellant, *vs.* SHERMAN SINCOX *et al.* Appellees.

*Opinion filed June 13, 1941.*

F. J. CAMPBELL, and JAMES L. COBURN, for appellant.

Mr. JUSTICE SMITH delivered the opinion of the court:

This case is here on leave to appeal granted by this court on petition of appellant. Appellant seeks to have reviewed the judgment of the Appellate Court for the Second District dismissing his appeal to that court from the circuit court of Jo Daviess county.

No answer to the petition for leave to appeal and no briefs have been filed, either by appellant or appellees. The case is submitted on appellant's petition for leave to appeal alone. We are thus deprived of the assistance of counsel. It may be noted, in passing, that neither the petition for leave to appeal nor the abstract filed in the case are prepared, or, in any substantial way, comply with the rules of this court, and for that reason it is most difficult to determine what the case is about. Nevertheless, an examination of the record discloses that appellant, Louis Knecht, filed this suit in the circuit court of Jo Daviess county against appellees, seeking to have set aside certain conveyances made by appellees in the form of chattel mortgages covering personal property and, also, a conveyance of real estate. Apparently the suit was instituted in aid of an execution issued on a judgment in favor of appellant against Sherman H. Sincox, Eva E. Wilkinson and Christ Hurst, three of the appellees. The remaining appellees were alleged to have received the benefit of the conveyances, or mortgages, sought to be set aside.

The first count of the complaint sought to have set aside as a fraud on creditors, a chattel mortgage executed by appellee Christ Hurst to Ada E. Hurst, and by her assigned to the Citizens National Bank of Warren, Illinois. The second count sought to set aside a chattel mortgage alleged to have been executed by Christ Hurst to John Thorp and Emma Thorp. The third count sought to set aside an alleged fraudulent chattel mortgage executed by Christ Hurst and Ada E. Hurst. The fourth count sought to set aside an alleged fraudulent warranty deed executed by Eva E. Wilkinson to Merritt White.

Separate answers were filed by the appellees. On motion of appellant, all the answers, except those of appellees White and Wilkinson, were stricken by the court. Amended answers were then filed. Evidence was heard, and on February 21, 1940, the court entered a decree dis-

missing count four of the complaint as to Eva E. Wilkinson and Merritt White, for want of equity.

On March 1, 1940, the Citizens National Bank of Warren, Illinois, John A. Thorp and Emma Thorp, Ada E. Hurst and Christ Hurst filed separate motions for judgment against the plaintiff on the pleadings, on the ground that the plaintiff had not alleged in his complaint that he had a lien upon any of the property alleged to have been fraudulently conveyed or encumbered at the time of the filing of the complaint. On July 24, 1940, the court, by separate orders, sustained these motions and dismissed counts one, two and three of the complaint as to the appellees Christ Hurst, the Citizens National Bank of Warren, Illinois, Ada E. Hurst, and John A. Thorp and Emma Thorp. On August 6, 1940, appellant filed in the office of the clerk of the circuit court notice of an appeal from the orders of that court entered on February 21, 1940, and July 24, 1940. A motion was thereafter filed by appellees in the Appellate Court for the Second District to dismiss the appeal. The record shows that on October 1, 1940, the Appellate Court sustained this motion and dismissed the appeal. Thereafter, on November 5, 1940, that court denied a petition for rehearing.

The motion of appellees filed in the Appellate Court to dismiss the appeal does not appear in the record, nor is there anything appearing in the record from which it can be determined the grounds upon which the motion was presented or sustained. Nor have counsel for appellant given us any assistance in this respect. We find, however, in the petition for leave to appeal, what purports to be the motion of Eva E. Wilkinson and Merritt White, filed in the Appellate Court, and the suggestions in support thereof, set out. The grounds stated in the suggestions in support of that motion are that the judgment dismissing the suit as to Eva E. Wilkinson and Merritt White was entered on February 21, 1940, and the notice of appeal was not filed until August 6, 1940, more than ninety days after

the entry of the judgment. Also, the further suggestion that the appeal should have been taken to this court because a freehold was involved. It nowhere appears, however, in the record, the petition for leave to appeal, or otherwise, the ground upon which the motion to dismiss the appeal as to the other appellees was based, or upon which it was sustained by the Appellate Court.

It is elementary that where a party desires to have a judgment reviewed it is incumbent upon him to present in the record the proceedings and judgment sufficient to show the errors complained of. Even a careful search of the record in this case does not disclose any grounds upon which the motion to dismiss the appeal in the Appellate Court was based except as to the appellees Wilkinson and White. Neither is there anything contained in the record from which it can be determined upon which the ruling of the Appellate Court dismissing the appeal as to the other appellees, was based, or even the grounds of the motion. In this state of the record it is utterly impossible for us to determine what action was taken by the Appellate Court, or the grounds upon which such action was taken. We cannot determine whether or not the action of the Appellate Court was erroneous, or proper.

Because of the failure of appellant to present to this court the record in such manner that we can determine the alleged errors complained of, or the action of the court sought to be reviewed, we are compelled to dismiss the appeal for failure to comply with the rules of this court.

Rule No. 32 of this court (370 Ill. 32) provides explicitly the method in which petitions for leave to appeal from the Appellate Court shall be prepared, and the method in which the case shall be presented. Compliance with this rule is not difficult. It has been wholly disregarded in this instance.

For the above reasons, the appeal is dismissed.

*Appeal dismissed.*