JAMES NEYLON, Plaintiff-Appellee, v. THE ILLINOIS RACING BOARD et al., Defendants-Appellants.

First District (3rd Division)   No. 77-1047

Opinion filed November 15, 1978.

William J. Scott, Attorney General, of Chicago (Terry Troy, Assistant Attorney General, of counsel), for appellants.

Edward J. Egan, of Chicago, for appellee.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The issue on this motion to dismiss the appeal concerns the admittedly incomplete record before this court. James F. Neylon, the plaintiff-appellee, was a civil service employee working for the Illinois Racing Board. After a hearing the Civil Service Commission ordered his discharge. The plaintiff appealed to the circuit court of Cook County under the provisions of the Administrative Review Act. (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*) The trial court reversed the ruling of the Civil Service Commission.

Section 9(b) of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 272(b)) requires that the administrative agency shall file an answer to the complaint which shall consist of the "entire record of proceedings under review, including such evidence as may have been heard by it and the findings and decisions made by it." The Commission filed an answer to the complaint in the trial court. Whether the answer consisted of the entire record before the Civil Service Commission is not known. Further, it is not clear as to what would comprise the entire record. It appears the record consists of four volumes. The first three contained the testimony from the Civil Service hearing and the fourth all of the exhibits. The fourth volume is presently missing. On March 25, 1976, the attorney general received permission from the trial court to remove the record from the court files. A law clerk from the defendants' attorneys' office removed the record. On May 14, 1976, the trial judge ordered that volume III be replaced by the defendants at the defendants' cost. According to an affidavit of plaintiff's counsel, the defendants had possession of the record until July 30, 1976. On that date, the defendants remitted the first three volumes to the plaintiff. According to that same affidavit, on August 3, 1976, plaintiff's counsel called defendants' counsel and inquired after the whereabouts of volume IV. Defendants' counsel responded that he did not know where it was. On August 4, 1976, the plaintiff filed a motion asking the court to compel the defendants to remit volume IV of the record to the court. The record on appeal does not reveal what if any disposition was made of that motion. During the oral argument on this motion before this court the defendants' counsel stated that he believed all four volumes were present a week before the August 11, 1976, hearing. Also during oral argument, defense counsel stated that he was unable to file an affidavit because he could not in good

conscience say that he delivered the four volumes to the plaintiff. On August 11, 1976, the trial court reversed the ruling of the Civil Service Commission. There is no report of proceedings for that hearing. We do not know if the trial court had an opportunity to read the entire record at any time after the record was filed in the circuit court as an answer.

The plaintiff contends that volume IV is necessary for him to file a responsive brief in this court. The defendants do not deny the plaintiff's contention. Defendants' counsel stated during oral argument that he examined the records of the Civil Service Commission and they do not contain the missing documents. According to the defendants' counsel the proceedings would have to be reversed and remanded to the administrative agency to reconstruct the documents. In order to do this, new testimony would have to be introduced.

■■ ■ The responsibility for the proper preservation of the record of proceedings before the trial court rests upon the appellant. (*People v. Edwards* (Docket No. 49789, October 6, 1978), 74 Ill. 2d 1, ___ N.E.2d ___.) Where a party desires to have a judgment reviewed it is incumbent upon him to present a record of the proceedings and judgments sufficient to show the errors of which he complains. (*Knecht v. Sincox* (1941), 376 Ill. 586, 35 N.E.2d 68.) We are incapable of determining whether or not the actions of the trial court or the administrative agency were appropriate because of the missing exhibits. The record is insufficient. (*People ex rel. McDonough v. Sherwin* (1935), 361 Ill. 403, 198 N.E. 343.) The defendants did not take any action when it became apparent that those records were missing in the trial court. The appellants simply did not sufficiently preserve the record. (*Edwards*, at 3.) Because of the insufficiency it is necessary to dismiss the appeal.

Dismissed.

McNAMARA and McGILLICUDDY, JJ., concur.