THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* PATRICK DENNIS DAVIS, Defendant-Appellee.

Fourth District   No. 4—83—0049

Opinion filed August 10, 1983.

Edward Litak, State's Attorney, of Danville (Robert J. Biderman and Rebecca White, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellee.

PRESIDING JUSTICE WEBBER delivered the opinion of the court:

Defendant was charged in the circuit court of Vermilion County with two counts of residential burglary in violation of section 19—3 of

the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 19—3). The counts were severed for trial and he was convicted by a jury of the offense under the first count. The second count was then allotted for trial and the State filed a motion *in limine* seeking to introduce into evidence at the second trial defendant's conviction in the first for the purpose of showing his intent. Defendant filed a similar motion seeking to prohibit the use of the prior conviction for impeachment.

The trial court held an extremely attenuated hearing on the State's motion and denied it with the brief statement, "I don't think it should go in, in this case." No argument was held, and no specific ruling made, on defendant's motion. The State has appealed the ruling on its motion pursuant to Supreme Court Rule 604(a)(1) (87 Ill. 2d R. 604(a)(1)). The certificate required by *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501, has been filed.

■ The defendant has first argued that the appeal should be dismissed because it is from a simple evidentiary ruling, not from an order of suppression, citing *People v. Flatt* (1980), 82 Ill. 2d 250, 412 N.E.2d 509. We do not agree. *Flatt* indicated that it might be difficult at times to distinguish between an evidentiary ruling and an order of suppression, but also made a primary distinction between a ruling in the course of trial and a ruling *in limine*. The ruling in *Flatt* was in the course of trial; the ruling here is *in limine*; hence, *Flatt* is inapposite.

Defendant has also argued that the exclusion of the prior conviction would not substantially impair the State's case and hence we should not consider it. We find no *fiat* in *Young* for this court to second-guess the prosecutor. The supreme court stated directly, "Our intention *** is not to formulate a standard by which courts may determine the appealability of a particular order. *** Instead we rely solely upon the good-faith evaluation by the prosecutor of the impact of the suppression order on his case." *People v. Young* (1980), 82 Ill. 2d 234, 247, 412 N.E.2d 501, 507. See also *People v. Jones* (1981), 102 Ill. App. 3d 238, 429 N.E.2d 1094.

In its brief the State argues both the intent and the impeachment theories. Since the notice of appeal specifies that it is appealing "An order suppressing 'other crimes' evidence to show the intent of the defendant in entering a dwelling," we decline to consider the impeachment theory.

As to the merits of the case, the record is totally inadequate for us to make a considered decision. "It is elementary that where a party desires to have a judgment reviewed it is incumbent upon him to present in the record the proceedings and judgment sufficient to

show the errors complained of." (*Knecht v. Sincox* (1941), 376 Ill. 586, 589, 35 N.E.2d 68, 69.) "Where the appeal record fails to comply with the requirements of statutes or rules of court, an appellate court may dismiss the appeal, affirm the judgment, or take other action." 4A C.J.S. *Appeal & Error* sec. 1100 (1957).

In the instant case, as indicated above, we have only the bare-bones statement of the trial court and consequently we are deprived of the benefit of his thinking on the matter. We believe that if the State is to appeal under Supreme Court Rule 604(a) (87 Ill. 2d R. 604(a)), a formal judgment order of the kind specified in section 114—12(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—12(e)) is desirable. In *Young* the supreme court held that the scope of interlocutory appeals by the State was not defined by section 114—12, but we perceive no logical reason why the mechanics of such an appeal should not follow the procedures outlined therein.

The State has thus failed to carry its burden and lacking any other information, we indulge the familiar presumption in favor of the finding of a trial court. Its order is therefore affirmed.

Affirmed.

MILLS and MILLER, JJ., concur.