THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* TIMOTHY C. McCOLLINS, Defendant-Appellee.

Third District   No. 3—83—0822

Opinion filed August 24, 1984.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Kenneth A. Grnacek, of Joliet, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The defendant-appellee, Timothy C. McCollins, was arrested for and charged with the offenses of driving under the influence of alcohol and improper lane usage. Prior to trial, the defendant filed a motion *in limine* requesting the trial court to prohibit the State from offering any evidence of an alleged refusal by him to submit to a breath analysis after his arrest. The motion alleged that at an earlier implied consent hearing, the trial judge ruled in his favor and thus refused to suspend his license. The trial court granted the defendant's motion, and the State appeals.

On appeal, the State contends that the trial court erred when it held that the ruling at the implied consent hearing of necessity required that, at the criminal trial for the offense of driving while under the influence of alcohol, evidence of the defendant's refusal to submit to a breath analysis be suppressed without considering the reasons for the ruling at the implied consent hearing. However, for the reasons set out below, we need not address this issue.

On the court's motion, we instructed the State to show why the order of the trial court granting the defendant's motion *in limine* is appealable. Supreme Court Rule 604(a)(1) provides in pertinent part that "[i]n criminal cases the State may appeal only from an order or judgment the substantive effect of which results in *** suppressing evidence." (87 Ill. 2d R. 604(a)(1).) Pursuant to this rule, the State may appeal "a pretrial *suppression* order whenever the prosecutor certifies to the trial court that the *suppression* substantially impairs the State's ability to prosecute the case." (Emphasis added.) *People v. Young* (1980), 82 Ill. 2d 234, 247, 412 N.E.2d 501, 507.

■■ Citing *Young*, the State argues that Supreme Court Rule 604(a)(1) allows it to appeal the trial court's order simply upon certification that its ability to prosecute this case has been substantially impaired as a result of the trial court's order. It maintains that nothing besides certification is required. We agree that *Young* requires the State to file a certification and that the State has done so here. However, the certification must relate to an order which is appealable pursuant to Rule 604(a)(1). On the facts in this case, the State may appeal only if the substantive effect of the trial court's order which

granted the defendant's motion *in limine* was to suppress evidence. If not, then the order does not become appealable simply because the State certified that its ability to prosecute is substantially impaired.

As the Illinois Supreme Court has recognized, defining that which constitutes an order of suppression and determining whether a trial court's ruling falls within that definition is a difficult task. (*People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501.) In the context of Supreme Court Rule 604(a)(1), a distinction must be made between the suppression of evidence and the exclusion of evidence. This distinction is not merely semantic. Rule 604 was not intended to give the State the right to appeal from every ruling excluding evidence offered by the State. (*People v. Van De Rostyne* (1976), 63 Ill. 2d 364, 368, 349 N.E.2d 16, 19.) It is suppression orders, as distinguished from evidentiary rulings, that are appealable under the rule. *People v. Flatt* (1980), 82 Ill. 2d 250, 258, 412 N.E.2d 509, 513.

Historically, the State was not allowed to appeal in criminal cases. (*People v. Young* (1980), 82 Ill. 2d 234, 238, 412 N.E.2d 501, 503; Ill. Rev. Stat. 1874, ch. 38, par. 427.) Today, the State's right to appeal under the rule includes, but is not limited to, cases involving illegally seized evidence and involuntary confessions. (*People v. Carlton* (1983), 98 Ill. 2d 187, 190, 455 N.E.2d 1385, 1386.) Yet, the State may not appeal trial court rulings based solely on the grounds of relevancy or materiality or hearsay. *People v. Johnson* (1983), 113 Ill. App. 3d 367, 374, 447 N.E.2d 502, 506.

In this case, the defendant requested that the court prohibit the State from offering any evidence of an alleged refusal to submit to a breath analysis by means of a motion *in limine*. Such motions are generally said to relate to evidentiary matters. (*People v. Flatt* (1980), 82 Ill. 2d 250, 266, 412 N.E.2d 509, 517.) As stated above, it is suppression orders, not evidentiary rules, that are appealable under the rule. We find that the trial court's order which granted the defendant's motion *in limine* is not a suppression order as that term is used in Supreme Court Rule 604(a)(1) and, therefore, is not appealable.

For the foregoing reasons, this appeal is dismissed.

Appeal dismissed.

ALLOY, P.J., and SCOTT, J., concur.