THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERT G. DUENSING, Defendant-Appellee.

Third District   No. 3—85—0060

Opinion filed November 25, 1985.

William Herzog, State's Attorney, of Kankakee (John X. Breslin and Peter M. Tumminaro, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Joseph C. Polito, of Kozlowski, Polito & Feeley, of Joliet, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Robert G. Duensing, was arrested for driving under the influence of alcohol (DUI), improper lane usage, and speeding. The court granted the defendant's motion *in limine* regarding trial admission of breath analysis test results. The State brought this appeal, certifying that the court's order substantially impaired its ability to prosecute.

Prior to his trial, the defendant filed his document captioned "Motion to Suppress and Motion in Limine." The motion did not specify its grounds. At the hearing on the filing, the defendant stated that the motion to suppress challenged whether there was probable cause for the defendant's arrest and that the motion *in limine* challenged the breathalyzer test procedure.

The defendant presented the testimony of the police officers who arrested him and administered the breathalyzer test. According to the uncontroverted testimony, the arresting officer stopped the defendant as he observed the defendant driving. The officer arrested the defendant following field sobriety tests. At the scene of the defendant's arrest, the officer read the defendant the implied-consent warning concerning failure to submit to a breath analysis test. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(c).) The defendant stated his understanding of the warning and stated he would not submit. Based on a

local police policy to allow a DUI arrestee 30 minutes to decide to take a breath analysis, the arresting officer advised the defendant that he had 30 minutes in which to decline the test.

Thereafter, the officer transported the defendant to police headquarters where the defendant was issued a citation for DUI. There, the officer again gave the implied-consent warning and the defendant agreed to take the breath analysis test. The defendant's test results apparently showed his blood-alcohol content at .18. The officers testified that the breath analysis machine was certified by the Illinois Department of Public Health (DPH); that the administering officer was trained and licensed for operating the test equipment; and that prior to the defendant's test the officers observed the defendant for 20 minutes.

Regarding test procedure, the administering officer testified that prior to taking the defendant's breath analysis he warmed and pretested the machine for impurities. He further testified that in the test he followed his operational checklist. He was unsure whether the procedure therein was based upon procedures suggested by the breath analysis machine manufacturer. The officer stated that his procedures were based upon DPH standards, but he was unsure whether they were approved by the DPH.

In his closing argument on the motion, the defendant conceded that there was probable cause for his arrest. He argued, however, that the court should grant his motion *in limine* on the admissibility of the breath analysis test results. In a minute order, the court granted the defendant's motion without specific findings. The State brought the instant appeal under Supreme Court Rule 604(a) (87 Ill. 2d R. 604(a)).

The defendant has filed a motion to dismiss the appeal. The State has filed objections to the motion. We now address both filings taken with the case. The defendant's first argument for dismissal regards the State's failure to file its notice of appeal within 30 days of the order appealed from. That argument is meritless, as we exercised our authority under Supreme Court Rule 606(c) (87 Ill. 2d R. 606(c)) to grant the State's properly supported motion for leave to file a late notice of appeal. The defendant's second argument, that the State has failed to file a certificate of impairment under *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501, is similarly meritless. The State has filed its certificate and included it in the record.

The defendant's final argument for dismissal is that the court's order was not appealable by the State. The defendant relies on *People v. McCollins* (1984), 126 Ill. App. 3d 1083, 468 N.E.2d 196, in

asserting that, as the court's order granted a motion *in limine* which was not a suppression order, the State may not appeal under Supreme Court Rule 604(a). We disagree.

In *McCollins* we considered the appealability of the court's grant of the defendant's motion *in limine.* In granting the defendant McCollin's motion, the trial court held that its prior refusal to suspend the defendant's license following an implied-consent hearing required that evidence of the defendant's refusal to submit to breath analysis be suppressed at the defendant's DUI trial. In *McCollins,* we did not hold, as the defendant suggests, that a circuit court's grant of a motion labeled *"in limine"* may not be appealed by the State. Not the label of the motion, but the substantive effect of the court's granting order controls appealability under Rule 604(a). The court's order here is factually distinct from that in *McCollins.* Despite its label, its effect is to suppress evidence based on the breath analysis test procedures followed in the defendant's case. The order is properly appealable by the State. The defendant's motion to dismiss the appeal is denied.

On the merits, the State argues that the trial court's order was an abuse of discretion as being both erroneous and against the manifest weight of the evidence. More specifically, the State argues that each of the grounds that the defendant argued to support his motion was meritless. In response, the defendant asserts that the trial court's order was properly based upon his arguments before that court.

The defendant first argued in the trial court that under section 11—501.1(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(c)), his initial refusal of a breath analysis test prohibited the later test. Section 11—501.1(c) provides, in pertinent part, that if a person under arrest for DUI refuses, upon the request of a law enforcement officer, to submit to a breath analysis test, no test shall be given.

As the State argues, in *People v. Frazier* (1984), 123 Ill. App. 3d 563, 463 N.E.2d 165, under facts similar to those before us, the Fourth District decided that section 11—501.1(c) prevents only involuntary breath analysis testing, not the administration of a breath analysis test to a driver who has changed his mind and later has voluntarily decided to submit to a test. We agree with the *Frazier* analysis. Under that analysis we find that despite the defendant's initial refusal to submit to breath analysis and despite the fact that the defendant's submission to the test was preceded by the arresting officer's second request, because there is no evidence that the defendant's test submission was involuntary, the terms of section 11—501.1(c) do not support the exclusion of the defendant's test results.

█ The defendant argued additionally, in the trial court, that the motion *in limine* should be granted because the State failed to prove that the test procedures followed in the instant case were based on the breath analysis equipment manufacturer's recommendations and approved by the DPH, as required by Rule 6.01(d) of the DPH's "Standards for the Operation of Approved Breath Analysis Instruments." On appeal, the State challenges that argument, noting that the defendant presented the trial court no evidence of inappropriate test procedure. We agree with the State.

In support of his motion *in limine* the defendant evoked testimony from the specially trained, test-administering officer that the officer was unaware whether his usual breath analysis test procedures followed the test equipment manufacturer's recommendations or had DPH approval. However, the officer testified that the instant breath analysis was performed according to his department's test procedures checklist. He also testified that those procedures followed were based upon DPH standards. Given that uncontroverted testimony, and absent any evidence that the procedures followed either were contrary to the manufacturer's recommendations or were not approved by the DPH, Rule 6.01(d) presents no basis for the court's order. See *People v. Crawford* (1974), 23 Ill. App. 3d 398, 318 N.E.2d 743.

█ The defendant's evidence supporting his motion *in limine* also questioned whether the State had complied with DPH Rule 6.01(a) prior to administering the breath analysis. Rule 6.01(a) requires that before one submits to breath analysis, he must be continuously observed for 20 minutes without ingesting food, alcohol, or drink; regurgitating; vomiting; or smoking. As the defendant does not cite on appeal that basis for his motion and as the record shows no reason to question the State's compliance with the rule, we need not address it more fully here.

We find no basis for the court's decision to suppress the defendant's breath analysis test results. Consequently, it must be reversed as manifestly erroneous. *People v. Gardner* (1984), 121 Ill. App. 3d 464, 459 N.E.2d 676.

Accordingly, the judgment of the circuit court of Kankakee County is hereby reversed. The cause is remanded for further proceedings consistent with this decision.

Reversed and remanded.

HEIPLE, P.J., and BARRY, J., concur.