THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SHERRY BAKER, Defendant-Appellant.

First District (2nd Division)   No. 87—0995

Opinion filed December 6, 1988.

Frank Celani, of Lansing, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Susan J. Crane, and David L. Studenroth, Assistant State's Attorneys, of counsel), for the People.

JUSTICE EGAN delivered the opinion of the court:

This appeal involves the propriety of one trial judge ruling on the admissibility of evidence which had already been ruled upon by another judge.

The defendant was charged with driving under the influence of alcohol and driving with a blood-alcohol level over .10. She was found guilty by a jury of driving with a blood-alcohol level over .10 and not guilty of driving under the influence. She was sentenced to one year's conditional discharge, fined $2,000 and ordered to perform 64 hours of community service.

Her first contention is that the trial judge, Judge Paul T. Foxgrover, improperly admitted evidence which had previously been ruled inadmissible by Judge Loretta C. Douglas.

The defendant appeared first before Judge Douglas on February 26, 1986, on her petition to rescind a summary suspension. Judge Douglas denied admission to three exhibits offered by the State: an unsworn breathalyzer test record showing a reading of .18 and signed by Sergeant Selvey, the test operator; a "Motor Vehicle Intoxication Report" signed by officer McNabney, the arresting officer; and a Sauk Village Police Department report showing McNabney as the reporting officer. The defendant objected on the ground that all three were hearsay and that some lacked foundation and were not authenticated. The State contended that all three were admissible, citing section 2—118.1(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b)). After the judge denied the admission of the exhibits, the State rested. The judge held that the State had the burden of proof at the hearing and rescinded the statutory summary suspension. (This case was decided before the ruling in *People v. Orth* (1988), 124 Ill. 2d 326, 338, in which the supreme court held that the burden of proof at a summary suspension hearing rests with the defendant.)

Subsequently the defendant filed a motion *in limine* to prevent the State from using the results of the breathalyzer tests at trial on the ground that the State was collaterally estopped. On June 26, 1986, Judge Douglas granted the motion, holding that estoppel by verdict applied.

The defendant then filed a jury demand, and the case was transferred to Judge Foxgrover. On September 26, 1986, the defendant filed a motion to sever the driving under the influence count from the count charging driving with a blood-alcohol level of .10 or over. In response, the State filed a motion asking Judge Foxgrover to reconsider the order *in limine* entered by Judge Douglas. Judge Foxgrover granted the motion to reconsider.

On March 3, 1987, Judge Foxgrover held a hearing on the defendant's second motion *in limine* to exclude the test results and on her motion to quash the arrest and suppress evidence. All the motions were denied. At the trial, Sergeant Selvey testified to the breathalyzer test results.

The defendant's argument, summarized, is that Judge Douglas' order *in limine* was an appealable order under Supreme Court Rule 604(a) (87 Ill. 2d R. 604(a)(1)). That rule provides, in part, that the State may appeal from an order or judgment the substantive effect of which results in dismissing the charge. The State did not appeal the order of Judge Douglas. Therefore, the defendant concludes, the ruling of Judge Douglas became final and binding.

■ The State's first response is that the defendant waived the argument that Judge Foxgrover was incorrect, because she filed a motion to suppress and a second motion *in limine* after Judge Foxgrover allowed the State's motion to reconsider. We hold that there was no waiver.

■ Next, the State argues that Judge Foxgrover's ruling was correct because Judge Douglas' rulings were incorrect. We reject that argument also. Whether Judge Douglas was correct or not is not the issue before us. The narrow issue, rather, is whether Judge Douglas' ruling *in limine* was appealable by the State.

Last, the State argues that a distinction must be made between suppression of evidence and evidentiary rulings. *People v. Phipps* (1980), 83 Ill. 2d 87, 413 N.E.2d 1277, is dispositive of the State's argument. That case involved prosecution for cruelty to mentally retarded residents of a mental health center. Some of the prosecution witnesses were residents of the same center. The trial court entered an order directing that any witness invoking his privilege under the Mental Health and Developmental Disabilities Confidentiality Act (Ill. Rev. Stat. 1979, ch. 91½, pars. 801 through 817) or on whose behalf the privilege was invoked would not be allowed to testify. The State moved for reconsideration within 30 days but that motion was denied. The appellate court dismissed the appeal, holding, in part, that the order was not one of suppression of evidence. The supreme court reversed the appellate court, saying this (*People v. Phipps*, 83 Ill. 2d at 90-91, 413 N.E.2d at 1278):

> "We think that in its substantive effect, rather than simply its form, the trial court's order in this case does operate to prevent evidence from being admitted. The court's order states that no testimony will be permitted to be taken from the witnesses unless the witnesses take the affirmative act of waiving

their privilege and turn over the files and reports to the defense. Hence, as presently constituted, the trial would proceed without these witnesses unless some further acts were performed. Evidence is thus being 'suppressed' as of the moment."

Other cases from other appellate districts support the defendant's position. In *People v. Duensing* (3d Dist. 1985), 138 Ill. App. 3d 587, 486 N.E.2d 938, the trial court granted the defendant's motion *in limine* which challenged the breathalyzer test procedure followed by the police officers. Conversely, it was the defendant there who argued that the State's order was not appealable. The appellate court held that the label of the motion was immaterial; its effect was to suppress evidence based on the breath analysis test procedures; and the ruling was appealable. In *People v. Davis* (4th Dist. 1983), 117 Ill. App. 3d 98, 452 N.E.2d 887, *appeal denied* (1983), 96 Ill. 2d 543, the State filed a motion *in limine* seeking to introduce at a second trial evidence of the defendant's conviction in the first trial. The court denied the State's motion, and the appellate court upheld the appealability of that order. In *People v. Wallace* (5th Dist. 1982), 106 Ill. App. 3d 567, 435 N.E.2d 960, the defendant filed a motion to suppress a tape-recorded conversation between himself and another individual. The trial court denied the motion to suppress, holding that there was no violation of the defendant's constitutional rights and that the State had complied with the statute regulating the use of eavesdropping devices. Subsequently, the defendant filed a motion *in limine* seeking to exclude evidence of other crimes mentioned in the taped conversation. The trial court excluded the evidence on the ground it was not relevant and that the prejudicial effect of the tape would deprive the defendant of a fair trial. The State appealed, and the defendant contended that the order excluding the taped conversation was an evidentiary ruling which the State may not appeal. The appellate court disagreed and upheld the appealability of the order.

The State refers us to three cases: *People v. McCollins* (1984), ·126 Ill. App. 3d 1083, 468 N.E.2d 196; *People v. Johnson* (1983), 113 Ill. App. 3d 367, 447 N.E.2d 502; and *People v. Flatt* (1980), 82 Ill. 2d 250, 412 N.E.2d 509. All three cases have a fact in common which distinguishes them from this one: All involved evidentiary orders entered after trial began. In *People v. Flatt*, the supreme court noted that distinction in the beginning of the opinion in which it referred to another case decided that same day, *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501. (*People v. Flatt*, 82 Ill. 2d at 254, 412 N.E.2d at 511.) The *McCollins* case was distinguished on that basis by the appel-

late court in *People v. Duensing* (*Duensing*, 138 Ill. App. 3d at 589-90, 486 N.E.2d at 939-40); and the appellate court in *People v. Johnson* expressly noted the distinction between the case before it and those involving pretrial orders (*People v. Johnson*, 113 Ill. App. 3d at 370-71, 447 N.E.2d at 504-05).

We hold, therefore, that the *in limine* order of Judge Douglas was appealable by the State and the failure of the State to appeal constituted a bar to a consideration of Judge Douglas' order by Judge Foxgrover. *People v. Taylor* (1971), 50 Ill. 2d 136, 277 N.E.2d 878; *People v. McBride* (1983), 114 Ill. App. 3d 75, 448 N.E.2d 551.

The conviction of driving with an alcohol-blood level in excess of .10 is hereby reversed. Since the defendant was found not guilty of driving under the influence and the evidence which had been excluded by Judge Douglas would be necessary for a conviction under the charge for which the defendant was found guilty, we will not remand for a new trial. In view of the position we take, it is not necessary to pass on the defendant's other contention that the trial judge improperly excused a juror for cause.

The judgment of the circuit court of Cook County is reversed.

Judgment reversed.

BILANDIC and SCARIANO, JJ., concur.