*In re* ESTATE OF SUZANNE JACOBS, Deceased (Robert Phillips, Adm'r of the Estate of Suzanne Jacobs, Deceased, Petitioner-Appellee, v. Vance Shaf *et al.*, Respondents-Appellants).

First District (5th Division)   No. 1—87—0408

Opinion filed September 29, 1989.

Brian M. Collins, of Magee, Collins & Lodge, of Chicago, for appellant.

Walter P. Dahl and Lawrence S. Gosewisch, both of Dahl & Moirano, of Chicago, for appellee.

JUSTICE COCCIA* delivered the opinion of the court:

Respondent Vance Shaf appeals from an order entered by the circuit court in this citation proceeding. The circuit court directed Shaf to turn $10,000 over to Robert Phillips, independent administrator of Suzanne Jacob's estate and her first husband. Shaf and Steven Jacobs, Suzanne's second husband, had developed certain property conveyed to them by her, which was subsequently sold. The $10,000 awarded by the circuit court represented Suzanne's share of the profit from that sale. For the following reasons, we affirm.

The record in this case reveals the following salient facts. Suzanne died on October 4, 1983. On October 28, 1983, Phillips' counsel wrote Shaf. Counsel informed Shaf that Phillips—father of Suzanne's daughter, Lisa Anne Phillips, a minor—was seeking appointment as representative of Suzanne's estate. Counsel gave Shaf notice that Phillips would claim an interest, on behalf of Suzanne's estate and Lisa Anne, in any profit realized from the sale of the property conveyed by Suzanne, which Shaf and Steven were developing.

On October 31, 1983, Phillips was appointed administrator to collect, and the circuit court entered an order declaring Steven and Lisa Anne to be Suzanne's sole heirs. Steven filed a cross-petition for letters of administration on December 1, 1983, thereby vying with Phillips on the question of who would represent Suzanne's estate. The property that Suzanne conveyed, and that Shaf and Steven had developed, was sold in January of 1984. On January 28, 1984, Shaf paid Steven $10,000 of the $60,000 profit realized on the sale of the conveyed property, which had been named "Suzanne Acres."

An agreed order was entered on February 14, 1984. It was writ-

*This case was assigned to Justice Coccia on April 1, 1989.

ten in longhand and provided in part:

"It is further agreed that the parties will not sell, transfer or dispose of any estate assets; and, Stephen [*sic*] Jacobs agrees to not sell the property commonly known as 1441 Hawthorne Lane Glenview, Ill. [the marital residence] until March 14, 1984; and, to hold the proceeds of 1448 Canterbury Lane, Glenview [the developed property] until March 14, 1984 except for the $10,000.00 previously paid to Stephen [*sic*] Jacobs."

This order was signed by Steven's counsel. As the other signatures on the order are unintelligible, we are unable to determine which parties agreed to it, with the exception of Steven's attorney. The order of February 14, 1984, was continued in full force and effect by an order entered on March 22, 1984, but the March order includes no reference to the $10,000 mentioned in the February order.

Steven died on April 5, 1984. Phillips was appointed administrator of Suzanne's estate on May 1, 1984; on April 1, 1985, he was named independent administrator.

Phillips filed a petition for recovery citation on January 1, 1986. He alleged that in 1983 Shaf, Steven, and Suzanne entered into a joint venture for the development of the property located at 1448 Canterbury Lane. Suzanne had acquired that property under a divorce decree from her prior marriage. Suzanne conveyed this vacant property as her contribution to the joint venture. Shaf's corporation—Eldorado Towers by Shaf, Inc.—was to construct a residence on the conveyed property, while training Steven in the business of real estate development. Shaf was to receive 50% of the profit, Steven 25%, and Suzanne 25%. A residence was constructed, which was sold for a price of $226,686.47 in January of 1984. Phillips also averred in his petition that Shaf refused to deliver Suzanne's share of the profit, contrary to the agreement's terms. Based on these allegations, Phillips requested that the circuit court direct Shaf to turn over Suzanne's portion of the profit to her estate.

A hearing on the citation petition was held on October 17 and October 20, 1986. Shaf was the only witness. Following his testimony, as well as counsel's arguments, the circuit court ordered Shaf to turn over $10,000 to Phillips. Shaf moved to reconsider, arguing that the estate was barred by the doctrine of estoppel from recovering $10,000, given the agreed order of February 14, 1984. That is, according to Shaf, the agreed order settled the rights to the $10,000. On January 7, 1987, the circuit court denied Shaf's motion to reconsider, and this appeal followed.

In his initial brief, Shaf argues three points. First, he contends

that there was no evidentiary basis for the circuit court's finding that a partnership existed between himself, Steven, and Suzanne. Second, he urges that the estate is barred by the doctrine of estoppel from making any claim to the $10,000 the circuit court awarded, in light of the agreed order of February 14, 1984. Third, and finally, he asserts that the estate waived any right to the $10,000, given the agreed order.

Shaf's first argument—that no partnership existed between himself, Steven, and Suzanne—must be rejected because it is based upon a false premise. Simply stated, Phillips did not seek recovery under a partnership theory, and the circuit court never indicated that the existence of a partnership was at issue. As mentioned above, Phillips' petition for recovery citation alleged the existence of a joint venture between Shaf, Steven, and Suzanne; it did not allege the existence of a partnership. Indeed, while the elements of a joint venture are similar to those of a partnership, there are important differences. At the hearing on Phillips' petition, Judge Siracusa stated that the principal question concerned who participated in the joint venture: Shaf, Steven, and Suzanne, or merely Shaf and Steven. In his motion to reconsider Judge Siracusa's ruling, however, Shaf argued the partnership issue, contending that a partnership did not exist between himself, Steven, and Suzanne, but rather between himself and Steven only. Phillips, in response to Shaf's motion, asserted that Suzanne was a member of a joint venture, along with Shaf and Steven. Shaf continued to argue the partnership issue in his initial brief in this court, but he failed to argue the joint venture issue until his reply brief.

■■ Illinois Supreme Court Rule 341(e)(7) forbids an appellant, such as Shaf, from arguing a point for the first time in his reply brief:

> "Points not argued are waived and shall not be raised in the reply brief ***." (113 Ill. 2d R. 341(e)(7).)

This rule has been enforced by the reviewing courts of our State. (See, e.g., *Batteast v. Argonaut Insurance Co.* (1983), 118 Ill. App. 3d 4, 6, 454 N.E.2d 706, 709; *In re Marriage of Thornton* (1980), 89 Ill. App. 3d 1078, 1092, 412 N.E.2d 1336, 1347.) Since Shaf did not raise the joint venture argument until his reply brief, we conclude that he has waived it. It has been abundantly clear from the time Phillips filed his petition that the decisive issue in this case would be whether Suzanne was a member of a joint venture, so Shaf shall not be heard to claim surprise at our conclusion.

Shaf's second and third points—based upon the doctrines of estoppel and waiver, respectively—suffer from a common infirmity. Both points are grounded on the agreed order, quoted above. Yet Phillips'

counsel has denied agreeing to that order. Furthermore, Judge Siracusa, who not only approved the agreed order but also awarded the $10,000 to Phillips, stated at the hearing that he was unable to determine which parties signed the order, because the signatures were illegible, apart from that of Steven's attorney.

The burden is on the appellant to submit a record that fully and fairly presents all matters necessary and material for a decision on the questions he raises. (*LaPlaca v. Gilbert & Wolf, Inc.* (1976), 37 Ill. App. 3d 259, 260-61, 345 N.E.2d 774, 775.) This court has previously stated that it will not reverse upon the basis of speculation and conjecture, and that any doubt arising from an incomplete record shall be resolved against the appellant. (*Baldridge v. Department of Registration & Education* (1977), 52 Ill. App. 3d 568, 575, 367 N.E.2d 95, 101 (supplemental opinion on denial of rehearing).) Phrased another way, when a party seeks to have a judgment reviewed, it is incumbent upon him to present a record of proceedings and judgments sufficient to show the errors of which he complains. (*Neylon v. Illinois Racing Board* (1978), 66 Ill. App. 3d 621, 623, 384 N.E.2d 433, 435.) Affirmance is dictated when crucial facts are omitted in the record. See *Rosenblatt v. Michigan Avenue National Bank* (1979), 70 Ill. App. 3d 1039, 1042, 389 N.E.2d 182, 186.

Like Judge Siracusa, we are unable to determine which parties agreed to the order of February 14, 1984, with the exception of Steven's counsel. Shaf knew in the circuit court that Phillips' counsel denied agreeing to the order and that Judge Siracusa found it illegible. It was therefore incumbent upon Shaf to clarify the order, if he wished to rely on it to argue the issues of estoppel and waiver in this court. As he has not satisfied that burden, we decline to address the merits of the estoppel and waiver questions, in view of the aforementioned authorities.

We note in passing that Shaf's initial brief did not comply with Supreme Court Rule 342(a). (107 Ill. 2d R. 342(a).) The appendix included only a copy of the agreed order. It failed to include a copy of the judgment appealed from, the notice of appeal, or a table of contents for the record, contrary to Rule 342(a)'s requirements. While we deem dismissal too harsh a sanction for failure to comply with Rule 342(a), in this case, Shaf's brief did not assist us in our resolution of the appeal.

Notwithstanding the foregoing, Shaf's estoppel argument fails regardless of the agreed order's clarity. A key element of the equitable estoppel doctrine is not present here. Without enumerating all elements of the doctrine, it is settled that in order to invoke equitable

estoppel, the conduct of the party against whom the estoppel is asserted—in our case Phillips—must have been relied upon by the party claiming the benefit of the estoppel—here Shaf. (See *National Tea Co. v. 4600 Club, Inc.* (1976), 33 Ill. App. 3d 1000, 1003, 339 N.E.2d 515, 518.) Assuming for argument's sake that Phillips agreed to the order of February 14, 1984, Shaf admitted that he paid the $10,000 to Steven on January 28, 1984, before the agreed order was entered and approved. Shaf thus could not have relied upon Phillips' alleged conduct in agreeing to the order when he paid Steven, since that conduct occurred after the payment. Consequently, the doctrine of equitable estoppel is inapplicable.

■ Similarly, even if Shaf's waiver argument was supported by the agreed order, it would not provide a basis for reversing the circuit court. His waiver argument was not raised in that court. Accordingly, it is not properly before us. See *Cockerill v. Wilson* (1972), 51 Ill. 2d 179, 183, 281 N.E.2d 648, 650 (supreme court refuses to address contention that defendant-appellant raised before it, but neglected to raise below, because such conduct deprived the plaintiff-appellee of the opportunity to refute the contention).

For the reasons stated, the circuit court's judgment in Phillips' favor is affirmed.

Affirmed.

MURRAY, P.J., and LORENZ, J., concur.