# Illinois Official Reports

## Appellate Court

---

### *People v. Mendiola*, 2014 IL App (4th) 130542

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JUAN MENDIOLA, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-13-0542 |
| Filed | March 4, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for aggravated criminal sexual abuse and predatory criminal sexual assault of a child where the State's motion *in limine* seeking admission of a recorded telephone call between defendant and the victims' mother allegedly showing defendant's consciousness of guilt was denied following a hearing conducted during an intermission in the *voir dire* proceedings, and defendant was eventually acquitted of four counts and a mistrial was declared as to one of the sexual abuse counts, the State's appeal from the subsequent denial of a second motion *in limine* refiled just before defendant was retried on the remaining sexual abuse count and seeking the same relief was dismissed for lack of jurisdiction, since the State's failure to seek appellate review of the denial of its first motion *in limine* and decision to proceed with the first trial resulted in the forfeiture of its right under Supreme Court Rule 604(a) to appeal the denial of the refiled motion *in limine*. |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 12-CF-646; the Hon. Scott Drazewski, Judge, presiding. |
| Judgment | Dismissed. |

Counsel on
Appeal

Jason Chambers, State's Attorney, of Bloomington (Patrick Delfino, David J. Robinson, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Michael J. Pelletier, Karen Munoz, and Colleen Morgan, all of State Appellate Defender's Office, of Springfield, for appellee.

Panel

JUSTICE STEIGMANN delivered the judgment of the court, with opinion.
Justices Pope and Turner concurred in the judgment and opinion.

## OPINION

¶ 1    In July 2012, the State charged defendant, Juan Mendiola, with (1) four counts of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(c)(1)(i) (West 2012)) and (2) one count of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)).

¶ 2    During a February 11, 2013, hearing, the trial court considered and denied the State's motion *in limine*, which sought the admission of a telephone call recording that defendant made from jail to Lisa K. (Lisa), the mother of the two minor victims the State alleged defendant abused. Two days later, the court denied the State's motion to reconsider. The jury later acquitted defendant on four of the five charges, but could not reach a verdict on one count of aggravated criminal sexual abuse. The court declared a mistrial on that remaining count.

¶ 3    In March 2013–prior to a second trial on the remaining count of aggravated criminal sexual abuse–the State filed a second motion *in limine*, which sought to introduce the same recording. In June 2013, the trial court entered a written order, denying the State's motion *in limine*, reiterating the rationale the court stated in its earlier denial.

¶ 4    The State appeals, arguing that the trial court abused its discretion by denying the State's March 2013 motion *in limine*. Because we conclude that this court lacks jurisdiction, we dismiss the State's appeal.

¶ 5                    I. BACKGROUND
¶ 6                    A. The State's Charges
¶ 7    In July 2012, the State charged defendant with four counts of aggravated criminal sexual abuse, alleging that defendant (1) pulled A.P. (born October 30, 1998) on top of him and simulated a sex act (count I), (2) put his hands down A.P.'s pants (counts II and IV), and (3) penetrated A.P.'s vagina with his finger (count III). The State also charged defendant with one count of predatory criminal sexual assault in that he put his hands down the pants of S.P. (born November 29, 2002) (count V).

- 2 -

¶ 8                                    B. The Trial Court's Rulings

¶ 9        On Monday, February 11, 2013, the State filed a motion *in limine*, seeking a ruling on the admissibility of a January 13, 2013, recorded conversation in which defendant called Lisa from jail. The State explained that it learned about the recording on the previous Thursday and listened to its content the following day. Noting that (1) the State had not provided a transcript of the recorded conversation and (2) *voir dire* of prospective jurors was scheduled for that morning, the trial court stated its intent to listen to the recording during the lunch recess. Immediately thereafter, *voir dire* of prospective jurors began.

¶ 10       After the lunch recess, the trial court informed the parties that it had listened to the recorded conversation. The court then conducted a hearing on the State's motion *in limine*, which occurred prior to empanelling a jury. A summary of that conversation showed that defendant began by informing Lisa that (1) he did not have a guilty plea offer from the State and (2) his life was in her hands. Defendant told Lisa that he did not care about himself, but he was concerned about the impact of his incarceration on his son and mother. Defendant then asked Lisa for "some mercy." Lisa suggested that defendant "take a deal," stating that she would ask the State's Attorney to make defendant an offer. Defendant again asked Lisa to show him "mercy." Lisa informed defendant that he had destroyed her child and "that can never be taken back." Lisa vowed that defendant would spend some time in prison.

¶ 11       In support of its motion *in limine*, the State argued that (1) the recording was admissible because it showed defendant's consciousness of guilt and (2) defendant made statements against his interest. Defendant argued that the recording concerned issues surrounding guilty-plea negotiations, which were not admissible. After considering counsel's respective arguments, the trial court found, as follows:

> "[As the court] indicated, *** [the recording] does have some probative value. *** [T]here could be an inference made *** in the manner in which the State has described it. [T]here's also *** a concern *** with respect to the prejudicial impact to bring in [the statements] the jury ought not and should not hear about, such as plea deals, plea negotiations, punishment[;] things that are not their concern. ***

> And that's why these statements *** aren't coming in. They are not inculpatory statements. They are statements basically seeking mercy, seeking help, assistance by [Lisa] to work whatever influence she may have with the State's Attorney *** to obtain the best possible deal that could be considered. [Defendant] never said that he committed the offense. [Defendant] never said that he would take the deal. So, again, [these statements are] fraught with all kinds of problems, which is why [the court finds] that the probative value is outweighed by the prejudicial effect."

Following the court's denial of the State's motion *in limine*, *voir dire* resumed. Later that afternoon, the court empanelled a jury and adjourned for the day.

¶ 12       Two days later, on February 13, 2013, the trial court conducted a hearing, outside of the jury's presence, to hear arguments on the State's written motion to reconsider, which it tendered to the court that morning. The State sought to clarify what it acknowledged were confusing arguments it made in support of its motion *in limine*. The State then addressed the underlying rationale for the court's denial–that is, the prejudice and absence of a threat from

defendant. Defendant again argued that the recording was more prejudicial than probative due to the numerous discussions concerning guilty-plea offers. The court denied the State's motion to reconsider, adhering to the rationale underlying its earlier denial. Immediately thereafter, the parties made their respective opening statements to the jury.

¶ 13                                  C. The Defendant's Jury Trial

¶ 14    During trial, the State renewed its request to admit the recorded telephone conversation defendant had with Lisa, claiming that defense counsel "opened the door" by repeatedly asking Lisa whether she gave defendant an opportunity to tell his side of the story. The trial court rejected the State's request on relevancy grounds.

¶ 15    Following the presentation of evidence and argument, the jury acquitted defendant on counts I, II, III, and V, but could not reach a verdict on count IV. The trial court then declared a mistrial as to count IV.

¶ 16        D. The Trial Court's Pretrial Rulings Before Defendant's Second Trial

¶ 17    In March 2013–prior to defendant's second trial on the remaining count of aggravated criminal sexual abuse–the State filed a second motion *in limine*, seeking to introduce the same recording of defendant's telephone call to Lisa.

¶ 18    In a June 2013 written order, the trial court denied the State's second motion *in limine*, finding that the recorded conversations between defendant and Lisa were not admissible because they (1) amounted to a guilty-plea negotiation, (2) were more prejudicial than probative, and (3) were not admissible as consciousness of guilt evidence.

¶ 19    This appeal followed.

¶ 20                              II. THIS COURT'S JURISDICTION

¶ 21    The State argues that the trial court abused its discretion by denying its March 2013 motion *in limine*. However, prior to addressing the merits of the State's argument, we must first determine whether this court has jurisdiction. See *People v. Smith*, 228 Ill. 2d 95, 106, 885 N.E.2d 1053, 1059 (2008) (determining its jurisdiction and whether an issue has been forfeited are the "two most important tasks of an appellate court panel when beginning the review of a case"); *People v. Blalock*, 2012 IL App (4th) 110041, ¶ 5, 976 N.E.2d 643 (before addressing the merits of an appeal, the appellate court first has a duty to determine whether it has jurisdiction).

¶ 22    Illinois Supreme Court Rule 604(a)(1) (eff. Feb. 6, 2013) provides as follows:

> "When State May Appeal. In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114-1 of the Code of Criminal Procedure of 1963 [(the Code) (725 ILCS 5/114-1 (West 2012))]; arresting judgment because of a defective indictment, information[,] or complaint; quashing an arrest or search warrant; or suppressing evidence."

¶ 23    Illinois Supreme Court Rule 606(b) (eff. Feb. 6, 2013) provides as follows:

"Except as provided in Rule 604(d), the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion."

The time constraints mandated by Rule 606(b) apply to the State. See *People v. Bridgewater*, 235 Ill. 2d 85, 90-91, 918 N.E.2d 553, 555-56 (2009); see also *People v. Marker*, 233 Ill. 2d 158, 163-67, 908 N.E.2d 16, 19-22 (2009).

¶ 24 Our jurisdictional question arises from the trial court's February 2013 denial of the State's motion *in limine*. The State never appealed that denial. Instead, after defendant's jury trial ended with four acquittals and the court declaring a mistrial on the remaining count, the State (1) recharged defendant with the remaining count and (2) filed a second motion *in limine*, seeking admission of the same recorded evidence that the court had previously denied. It is the court's June 2013 denial of the second motion *in limine* that the State is seeking to have this court review on appeal. However, we must first determine whether the State's failure to appeal the court's denial of the State's February 2013 motion *in limine* deprives this court of jurisdiction. We conclude that it does.

¶ 25 Defendant contends that the principle of collateral estoppel bars consideration of the State's March 2013 motion *in limine* because prior to his February 2013 jury trial, the trial court had already barred the evidence the State now seeks to readmit. Citing *People v. Baker*, 177 Ill. App. 3d 342, 346, 532 N.E.2d 306, 308 (1988), defendant also contends that the court's pretrial denial of the State's motion *in limine* "fairly and completely resolved" the issue. The State could have appealed that denial but failed to do so. See *People v. Hatfield*, 161 Ill. App. 3d 401, 405, 514 N.E.2d 572, 574 (1987) (" 'Rule 604(a)(1) allows an interlocutory appeal by the State of a pretrial suppression order whenever the prosecutor certifies to the trial court that the suppression substantially impairs the State's ability to prosecute the case.' " (quoting *People v. Young*, 82 Ill. 2d 234, 247, 412 N.E.2d 501, 507 (1980))).

¶ 26 In response, the State argues that the record does not support defendant's claim that the trial court's denial was a pretrial ruling. Specifically, the State contends that because defendant's trial had already begun when the court denied its motion *in limine*, the State could appeal only under the provisions of section 114-12(c) of the Code (725 ILCS 5/114-12(c) (West 2012)), which governs motions to suppress illegally seized evidence. Thus, the State asserts that because the court's denial occurred during trial and did not concern illegally seized evidence, it could not immediately appeal the denial of its February 2013 motion *in limine*.

¶ 27 We need not address the State's argument regarding section 114-12(c) of the Code because the record clearly shows that when the trial court denied the State's February 2013 motion *in limine* it did so before a jury had yet to be sworn in–that is, before jeopardy had attached. *People v. Dahlberg*, 355 Ill. App. 3d 308, 312, 823 N.E.2d 649, 653 (2005). Thus, we reject the State's underlying premise that the court's denial occurred during trial. See *People v. Nelson*, 377 Ill. App. 3d 1031, 1037, 880 N.E.2d 1096, 1101 (2007) (" ' "An appeal *** shall lie *** from a decision or order *** suppressing or excluding evidence *** in a criminal proceeding, *not made after the defendant has been put in jeopardy ***.*" ' " (Emphasis in original.) (quoting *Young*, 82 Ill. 2d at 248, 412 N.E.2d at 508, quoting 18 U.S.C. § 3731 (1976))).

¶ 28    The present case does not involve a suppression order. Instead, this case concerns the trial court's denial of the State's motion *in limine* seeking a pretrial ruling that certain evidence–that is, the recording of defendant's telephone call to Lisa–was admissible. In *People v. Owen*, 299 Ill. App. 3d 818, 822, 701 N.E.2d 1174, 1177-78 (1998), this court noted that although parties frequently use motions *in limine* to bar or limit the scope of evidence, the State may also use such motions, as in the present case, to obtain a ruling authorizing the use of certain evidence during trial. (We note that the supreme court made clear in *People v. Drum*, 194 Ill. 2d 485, 491, 743 N.E.2d 44, 47 (2000), that for purposes of Rule 604(a)(1), "there is no substantive distinction between evidence that is 'excluded' and evidence that is 'suppressed.' ") Because a motion *in limine* requires a court to consider offers of proof out of the normal trial context either in the form of live testimony or counsel's representations, a court has the discretion to choose not to hear the motion *in limine*, and instead, address the evidentiary issue when the matter becomes ripe at trial and the context is no longer in doubt. *Owen*, 299 Ill. App. 3d at 823, 701 N.E.2d at 1178. Although the State proffered its motion *in limine* on the morning before jury selection commenced, the court chose to consider the State's motion instead of deferring the matter.

¶ 29    In *Nelson*, 377 Ill. App. 3d 1039, 880 N.E.2d at 1103, the First District addressed the following issue, which was substantially similar to the facts before us in this case:

> "The State requested the grant of use immunity to [certain witnesses] after the jury had been selected and immediately before trial. When the trial court denied the State's motions, the State took no action and proceeded to trial. Only after the jury was unable to reach a verdict and a mistrial declared did the State seek review. The State fails to cite a case *** in which a reviewing court has allowed the State to seek a posttrial appeal of a pretrial order, nor does our research disclose any such case."

¶ 30    The *Nelson* court then provided the following analysis:

> "When the State opted to prosecute the case, it essentially took a chance on whether defendant would be convicted without [the suppressed] testimony. If defendant was found guilty, then the State would have succeeded in its prosecution. If defendant had been acquitted, then no appeal could be brought by the State. The fact that the trial ended in a mistrial should not give the State the right to appeal an order it would have been foreclosed to raise had there been any other result. The State forfeited its right to appeal based on the supposed substantial impairment of its case when it decided to prosecute defendant." *Id.*

¶ 31    Here, after the trial court denied the State's initial motion *in limine*, the State chose to proceed to trial instead of seeking appellate review by timely filing a certificate of impairment. No doubt the State hoped that the jury would return guilty verdicts on the counts charged, but instead the jury acquitted defendant on four counts and was unable to reach a verdict on the fifth count. Thus, in accord with *Nelson*, the State forfeited its right under Rule 604(a) to appeal the court's order denying the State's motion *in limine*.

¶ 32                                    III. CONCLUSION

¶ 33    For the foregoing reasons, we dismiss the State's appeal.

¶ 34        Dismissed.