MARION W. SAPP, Jr., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Clifford-Jacobs Forging Company, Appellee).

Fourth District (Industrial Commission Division)   No. 4—91—0073WC

Opinion filed November 7, 1991.—Rehearing denied January 30, 1992.

Perz, Condon & Ridge, of Chicago (Leslie T. Johnson, of counsel), for appellant.

Robert A. Hoffman, of Thomas, Mamer & Haughey, of Champaign, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Claimant, Marion Sapp, filed a claim seeking benefits from his employer, Clifford-Jacobs Forging Company. The arbitrator found that the claimant had sustained accidental injuries arising out of and in the course of his employment by the employer. However, the arbitrator denied benefits on the basis that claimant had failed to prove a causal connection between his present condition of ill being and the accidental injuries he suffered. The Illinois Industrial Commission (Commission) reversed the arbitrator's denial of benefits and awarded benefits. Both parties appealed the Commission's decision to the circuit court of Champaign County. The circuit court, holding the Commission's decision to be against the manifest weight of the evidence, set aside the decision of the Commission and reinstated the decision of the arbitrator denying benefits to claimant. Claimant appeals.

On appeal, claimant raises the following issues for review: whether the decision of the Commission that claimant proved a causal relationship between his accidental injury and his present condition of ill being was against the manifest weight of the evidence; and whether the Commission's refusal to order the employer to pay certain medical bills was against the manifest weight of the evidence.

We note at the outset that the record on appeal in this case consists solely of the pleadings before the circuit court and copies of the decisions of the Commission and the arbitrator. Although claimant's appellate brief contains citations to a transcript and to exhibits, there are no transcripts, no medical records, doctors' reports or exhibits of any kind. Thus, there is no record for this court to review the deci-

sion of the circuit court or to determine whether or not the Commission's decision was against the manifest weight of the evidence.

■■ The responsibility for the proper preservation of the record of proceedings before the trial court rests on the appellant. (*Neylon v. Illinois Racing Board* (1978), 66 Ill. App. 3d 621, 623.) Where a party desires to have a judgment reviewed, it is incumbent upon him to present the record of the proceedings and judgment sufficient to show the errors of which he complains. (*Neylon*, 66 Ill. App. 3d at 623.) Any doubt arising from the incompleteness of the record will be resolved against the appellant. *Teitelbaum v. Reliable Welding Co.* (1982), 106 Ill. App. 3d 651, 661.

■■ The record before us contains no transcripts, medical records or doctors' reports. Without these documents, we are unable to review the decision of the circuit court or to determine whether the Commission's decisions regarding causal connection and the payment of the claimant's medical expenses were against the manifest weight of the evidence. The cause must be resolved against the claimant.

We note that our inability to review this cause on the merits is a direct result of the failure to file a complete record on appeal. While we may appear to be stating the obvious, in light of the result in this cause, appellate counsel are urged to make certain that the records on appeal contain all of the necessary transcripts, etc., to enable this court to review the issues raised on their merits. Merely citing to such documents in the briefs, while required (134 Ill. 2d Rules 341(e)(6), (e)(7)), is not sufficient. The record on appeal must contain the actual transcripts, etc., cited to in the briefs.

The judgment of the circuit court is affirmed.

Affirmed.

McCULLOUGH, P.J., and RAKOWSKI, STOUDER, and LEWIS, JJ., concur.