740 N.E.2d 425 (2000)
317 Ill. App.3d 830
251 Ill.Dec. 344
In re K.S. and J.S., Minors (The People of the State of Illinois, Petitioner-Appellee,
v.
Antoinette S., Respondent-Appellant).
No. 1-99-1799.
Appellate Court of Illinois, First District, Fifth Division.
November 9, 2000.
*426 Peter J. Woods, Chicago, for Respondent-Appellant.
Richard A. Devine, State's Attorney of Cook County, Chicago (Renee Goldfarb, Jennifer Streeter, Catherine E. Boyd, of counsel), for Petitioner-Appellee.
Justice GREIMAN delivered the opinion of the court:
Respondent Antoinette S. appeals from an order of the circuit court that terminated the wardships of her minor children, K.S. and J.S., and that closed the cases pursuant to a motion filed by the father, who had custody. On appeal, respondent contends that the circuit court abused its discretion in ordering closure of the cases and that the circuit court's order was deficient because it lacked the written factual findings required by section 2-31(2) of the Juvenile Court Act of 1987. 705 ILCS 405/2-31(2) (West 1998).
This appeal stems from petitions for adjudication of wardship based upon abuse and neglect. The petitions were filed in 1997 on behalf of K.S., a five-year-old boy who was born to respondent and Kenneth Porter (Porter) on February 22, 1992 (97 JA 03309), and J.S., a two-year-old girl who was born to respondent and Porter on August 31, 1995 (97 JA 03307). Porter had three other children and was married to another woman.
On May 5, 1998, the circuit court found that the minors were abused or neglected based upon an injurious environment, lack of care, and "substantial risk/physical injury." Porter did not have custody of K.S. and J.S. at the time of the abuse or neglect.
On February 1, 1999, the circuit court entered dispositional orders and an order of protection, adjudging K.S. and J.S. wards of the court; finding respondent to be "unable for some reason other than financial circumstances alone to care for, protect, train, or discipline" K.S. and J.S.; finding Porter to be "fit, able, and willing to care for, protect, train, and discipline" K.S. and J.S.; and ordering that K.S. and J.S. remain in Porter's custody.
On April 7, 1999, the circuit court held a hearing on Porter's motion to close the cases. At the hearing, Chicago Youth Center executive director Teddy Spinelli and caseworker Holly Clough testified that it would be in the best interest of K.S. and J.S. for their cases to be closed and for K.S. and J.S. to remain in Porter's home. They referred in their testimony to (1) therapist Eva (or Eve) Brownstone's report, (2) an "Intervention" report regarding Porter's drug treatment, and (3) Porter's urinalyses. The record on appeal does not contain any of those exhibits.
After Porter rested on his motion to close the case, the maternal grandfather of K.S. and J.S. testified on behalf of respondent that, in the past, K.S. and J.S. had cried when he returned them to Porter's home, but he had not reported the matter to a caseworker.
After respondent rested her case, the circuit court took judicial notice of all of the prior hearings in the case, including hearings held on April 3, 1998, May 4, 1998, December 3, 1998, January 19, 1999, February 1, 1999, and March 10, 1999. The circuit court observed that "extensive evidence" had been presented at some of those hearings. The record on appeal does not contain transcripts of any of the hearings that took place prior to the April 7, 1999, hearing on Porter's motion to close *427 the case. The record contains only a stipulation of facts which was file-stamped May 5, 1998, the date of the order finding abuse and neglect.
At the conclusion of the April 7, 1999, hearing, the circuit court entered an order closing the cases. In the written order, the circuit court found that the family was not in need of further monitoring by the court and that it was in the best interest of "the minor" that the cases be closed. The circuit court terminated wardship, terminated the order of protective supervision, and closed the cases. The circuit court ordered legal custody of K.S. and J.S. to remain with Porter.
On appeal, respondent contends first that the circuit court abused its discretion in ordering the case to be closed. However, respondent has presented an inadequate record for our review.
According to Supreme Court Rule 321 (155 Ill.2d R. 321), the record on appeal shall include, inter alia, the documentary exhibits and the report of proceedings. If no verbatim transcript of the evidence is available, the appellant must prepare a bystander's report and must do so in accordance with the requirements of Supreme Court Rule 323 (166 Ill.2d R. 323). In lieu of a report of proceedings, the parties may stipulate to an agreed statement of facts without certification by the trial court. 166 Ill.2d R. 323(d).
Here, respondent has failed to fulfill her responsibility as the appellant to present an adequate record for review. See 155 Ill.2d R. 321; 166 Ill.2d R. 323; see also Foutch v. O'Bryant, 99 Ill.2d 389, 391-92, 76 Ill.Dec. 823, 459 N.E.2d 958 (1984); Belfour v. Schaumburg Auto, 306 Ill.App.3d 234, 244, 239 Ill.Dec. 383, 713 N.E.2d 1233 (1999); Jacobs v. Mundelein College, Inc., 256 Ill.App.3d 476, 477-78 at n. 1, 194 Ill.Dec. 704, 628 N.E.2d 201 (1993); City of Pekin v. Mann, 44 Ill. App.3d 1, 2, 2 Ill.Dec. 561, 357 N.E.2d 728 (1976). Respondent failed to provide reports of the proceedings judicially noticed by the circuit court in connection with the motion to close the cases as prescribed by Supreme Court Rules 321 and 323. There are no verbatim transcripts of the judicially noticed proceedings. The only stipulated statement of facts that is in the record was dated May 5, 1998. Therefore, that stipulation did not include facts from the judicially noticed hearings held between that date and the April 7, 1999, hearing on the motion to close the cases. The circuit court observed that "extensive evidence" had been taken at some of those hearings. Respondent has also failed to fulfill her responsibility as the appellant to present an adequate record for review because she failed to provide the exhibits that were allowed into evidence in the circuit court, namely, the report prepared by the therapist, Eva (or Eve) Brownstone, the "Intervention" report regarding Porter's drug treatment, and Porter's urinalyses. It was respondent's responsibility as the appellant to present an adequate record for review of the claimed errors, and we will resolve any doubts arising from the incompleteness of the record against the appellant. See Haudrich v. Howmedica, Inc., 169 Ill.2d 525, 546-47, 215 Ill.Dec. 108, 662 N.E.2d 1248 (1996); see also Foutch, 99 Ill.2d at 391-92, 76 Ill.Dec. 823, 459 N.E.2d 958; Baier v. Bostitch, 243 Ill.App.3d 195, 209, 183 Ill.Dec. 455, 611 N.E.2d 1103 (1993). Therefore, in the absence of the reports of the judicially noticed proceedings or suitable substitutes, and in the absence of the exhibits, we must presume that the decision of the circuit court to close the cases was proper.
Next, respondent contends that the circuit court failed to make the written factual findings required by section 2-31(2) of the Juvenile Court Act of 1987. 705 ILCS 405/2-31(2) (West 1998).
The State responds that respondent waived the issue. The State responds further that the circuit court complied with the statute. The State alternatively responds that the statute was directory rather than mandatory because the word *428 "shall" followed the language regarding written factual findings. Finally, the State responds that, if the cause is remanded, the remandment should be for the limited purpose of allowing the circuit court to write a more specific order, and not for a rehearing of the issues.
Respondent has waived her claim that the circuit court failed to make the factual findings required by section 2-31(2) of the Juvenile Court Act of 1987 (705 ILCS 405/2-31(2) (West 1998)), because respondent failed to object to the order at the hearing (see In re A.H., 235 Ill.App.3d 12, 16, 175 Ill.Dec. 844, 600 N.E.2d 1302 (1992)). Even if the issue had been properly preserved for review, we would find that it lacks merit.
Section 2-31(2) of the Juvenile Court Act of 1987 states in part:
"Whenever the court determines, and makes written factual findings, that health, safety, and the best interests of the minor and the public no longer require the wardship of the court, the court shall order the wardship terminated and all proceedings under this Act respecting that minor finally closed and discharged." 705 ILCS 405/2-31(2) (West 1998).
Here, the written order contained the factual findings that "[t]he family is not in need of further monitoring by the court," and "[i]t is in the best interest of the minor that this case be closed." (Emphasis added.) Furthermore, the circuit court also made more explicit oral findings. The circuit court orally stated:
"In regard to the issue of closure, Court finds that based upon the totality of the evidence that has been presented, in looking at the best interest of the minors, the family is not in need of further monitoring by the court, it is in the best interest, health, welfare, and safety of [J.S.] and [K.S.] that the cases be closed."
The circuit court stated further that to close the cases would be in the best interest of K.S. and J.S. because they were "age appropriate, doing well, healthy; in other words, there's nothing else that appears that the court can offer these children." The circuit court stated, "These kids are doing well, there are no unusual circumstances that have taken place." The circuit court also stated that the situation "had been addressed through intervention services provided to the parents." Respondent does not claim that she was prejudiced by the alleged failure to enter more specific written findings. Under these circumstances, we decline "to remand this cause solely to allow the trial court to reiterate its findings in a written order." See In re Z.Z., 312 Ill.App.3d 800, 804, 245 Ill.Dec. 220, 727 N.E.2d 667 (2000).
The judgment of the circuit court is affirmed.
Affirmed.
QUINN, P.J., and THEIS, J., concur.