**Debra KEACH and Patricia Sage, Plaintiffs,**

v.

**U.S. TRUST COMPANY, N.A., et al., Defendants.**

No. 01–1168.

United States District Court, C.D. Illinois, Peoria Division.

Oct. 8, 2004.

Dean B. Rhoads, Robert Rhode, Edward Sutkowski, Steven Oates, Sean Anderson, Sutkowski & Rhoads, Peoria, IL, for Plaintiffs Debra Keach and Patricia Sage.

Timothy Bertschy, Heyl, Royster, Voelker & Allen, Peoria, IL, Robert Eccles, Shannon M. Barrett, O'Melveny & Myers LLP, Washington, DC, for Defendant U.S. Trust Company, NA, fka U.S. Trust Company of California.

Charles Roth, James Springer, Joseph Z. Sudow, Kavanagh Scully Sudow White & Frederick, Peoria, IL, Michael T. Graham, Nancy Ross, McDermott Will & Emery, Trent P. Cornell, Duane Morris LLC, Chicago, IL, for Defendant Ellen D. Foster, Executrix of the Estate of Thomas S. Foster and as Co–Trustee of the Thomas S. Foster Trust executed on 4/14/94.

Michael T. Graham, Nancy Ross, McDermott Will & Emery, Chicago, IL, for Defendant the Northern Trust Company, an Illinois Corporation as Co–Trustee of the Thomas S. Foster Trust executed on 4/14/94.

Richard J. Pautler, Jennifer Baetje, Thompson & Coburn, St. Louis, MO, for Defendants Robert A. Ostertag, Jr., Terry P. Cole, Alan R. Dix, Jon Elletson, A. Robert Pellegrino.

James Bailey, Paul Ondrasik, Jr., Steptoe & Johnson, Washington, DC, Roy Davis, David Lubben, Davis & Campbell

LLC, Peoria, IL, for Defendants Valueme-trics, Inc.

Mark Casciari, Ian Hugh Morrison, Sari M. Alamuddin, Seyfarth Shaw, Chicago, IL, for Defendant Houlihan, Lokey, Howard & Zukin, Inc.

Charles Roth, James Springer, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendant Stephen P. Bartley.

Stephen Gay, Jeffrey Alan Ryva, Husch & Eppenberger LLC, Peoria, IL, for Defendant Lyle Dickes.

Jeffrey Rock, Hasselberg Rock Bell & Kuppler, Peoria, IL, for Defendant James Freid.

Charles Roth, James Springer, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendant Dale Fujimoto.

John Elias, Robert Riffle, Cynthia Elias, Elias Meginnes Riffle & Seghetti, Peoria, IL, for Defendant William Gehring, Henry Gregory, II, John F. Halpin, James Kyle, John Lappegaard, George McKittrick, Clayton Patino, Jerry Rathmann, W. Thomas Stumb, Mark Swedlund, Leo Vanderlugt, Robert Wilson, Bruce Wright.

Jeffrey Rock, Hasselberg Rock Bell & Kuppler, Peoria, IL, for Defendant Richard Hodgson.

Dean Essig, Washington, DC, for Defendant Gregory McAllister.

Charles Roth, James Springer, Joseph Sudow, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendants Michael Norbutas, Frederick Stuber, and for Defendant Ashley Anne Foster, as trustee or agent of the Ashley Anne Foster Irrevocable Trust, and Melvyn R. Regal, individually, as trustee or agent of the Steven Jay Regal Trust, as trustee or agent of the Judi Lynn Regal Trust, and as trustee or agent of the John E. Regal Trust.

## ORDER

MIHM, District Judge.

Following a bench trial that resulted in judgment being entered in favor of Defendants and against Plaintiffs, Defendant U.S. Trust Company, N.A. ("U.S.Trust") subsequently submitted a Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d), seeking to recover a total of $157,781.61. Plaintiffs object to the award of any costs, or alternatively to several items in the Bill of Costs. For the reasons stated herein, Plaintiffs' objections are allowed, and the Court declines to award any of the costs sought by U.S. Trust.

### Discussion

Generally in civil cases, "costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs ...." Fed.R.Civ.P. 54(d)(1). The costs that may be recovered pursuant to Rule 54(d)(1) are specified in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). They include: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of "papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party. *See Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 945 (7th Cir.1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Id.* (citation omitted). The losing party must affirmatively demonstrate the prevailing party is not entitled to costs. *See M.T. Bonk Co.*

*v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir.1991).

Here, U.S. Trust has submitted separate Bills of Cost from the two firms that represented it during this litigation. O'Melveny and Myers has submitted a Bill of Costs seeking a total of $108,483.33, and Heyl, Royster, Voelker & Allen requests costs in the amount of $49,298.28.

■ Plaintiffs first argue that in ERISA cases, awards of costs are governed by the discretionary language of 29 U.S.C. § 1132(g)(1), rather than the presumptive standard of Rule 54(d). Section § 1132(g)(1) provides that "[i]n any action under this title ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." In support of this argument, Plaintiffs cite *Marquardt v. North American Car Corp.*, 652 F.2d 715, 719–20 (7th Cir.1981), and *Nichol v. Pullman Standard, Inc.*, 889 F.2d 115, 121 (7th Cir.1989).

U.S. Trust correctly notes that in *Marquardt*, fees were sought exclusively pursuant to § 1132(g)(1) with no reference to or discussion of the applicability of Rule 54(d). On the other hand, in *McIlveen v. Stone Container Corp.*, 910 F.2d 1581 (7th Cir.1990), which U.S. Trust relies on, costs were sought solely pursuant to Rule 54(d) with no reference to or discussion of the applicability of § 1132(g)(1). Needless to say, the Court has been unable to find any clear precedent in this circuit resolving this question. That being said, the Court finds that the more in-depth and persuasive analysis stems from the cases applying standards for assessing costs pursuant to § 1132(g) and will therefore adopt this approach for purposes of resolving the present dispute.

■ District courts entertain a "modest presumption" that prevailing parties are entitled to reasonable costs pursuant to § 1132(g)(1). *Bowerman v. Wal–Mart Stores, Inc.*, 226 F.3d 574, 592 (7th Cir. 2000), *citing Little v. Cox's Supermarkets*, 71 F.3d 637, 644 (7th Cir.1995); *see also, Bittner v. Sadoff & Rudoy Indust.*, 728 F.2d 820, 830 (7th Cir.1984). However, this presumption is rebuttable. *Bowerman*, 226 F.3d at 592, *citing Harris Trust & Savings Bank v. Provident Life & Accident Insurance Co.*, 57 F.3d 608, 617 (7th Cir.1995).

The Seventh Circuit has used two tests to determine whether a prevailing party is entitled to an award of costs. The first test considers the following five factors: (1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorney's fees; (3) whether or not an award of attorney's fees against the offending parties would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the plan as a whole; and (5) the relative merits of the parties' positions. *Bowerman*, 226 F.3d at 592–93, *citing Quinn v. Blue Cross and Blue Shield Association*, 161 F.3d 472, 478 (7th Cir.1998). As this test was found to be "oriented toward the case where the plaintiff rather than the defendant prevails and seeks an award," the Court of Appeals proposed an alternative test, under which a prevailing party is awarded attorney's fees "unless the loser's position, while rejected by the court, had a solid basis—more than merely not frivolous, but less than meritorious." *Rivera v. Benefit Trust Life Insurance Co.*, 921 F.2d 692, 698 (7th Cir.1991), *citing Bittner*, 728 F.2d at 829–30. However, the real question under either test "is essentially the same: was the losing party's position substantially justified and taken in good faith, or was that party simply out to

harass its opponent?" *Anderson v. Flexel, Inc.,* 47 F.3d 243, 251 (7th Cir.1995), *citing Meredith v. Navistar International Trans. Corp.,* 935 F.2d 124, 128 (7th Cir.1991); *Bowerman,* 226 F.3d at 593; *Trustmark Life Insurance Co. v. University of Chicago Hospitals,* 207 F.3d 876, 884 (7th Cir. 2000).

Here, the Plaintiffs were beneficiaries of the Foster & Gallagher ("F & G") ESOP who brought this litigation with the hope of restoring lost retirement funds to all of the participants in the plan based on their belief that the loss was the result of mismanagement and breach of fiduciary duty by F & G's management. After presiding over this case for more than three years, including the extensive motions practice and lengthy bench trial, the Court cannot find that Plaintiffs acted with any harassing or improper motives or pursued this litigation in anything other than good faith. While the Plaintiffs were ultimately unsuccessful, their position was not frivolous and had a solid basis. In fact, the record was such that the Court denied several Motions for Summary Judgment and requests for directed verdict at trial. Given these circumstances, it is not difficult to see that an award of the substantial costs sought in this case would likely have a chilling effect on participants in other ERISA plans who reasonably believe that they have meritorious claims and deter them from bringing challenges where the defendants' liability is not a foregone conclusion because they would be reluctant to risk the imposition of attorney's fees and costs; such an effect would not be in the public interest.

Based on these findings and a review of the parties' arguments in light of the Court's extensive knowledge of the record in this case, the Court must conclude that Plaintiffs' position, though not meritorious, was more than merely not frivolous and

was "substantially justified" within the meaning of *Bittner, Anderson, Bowerman,* and *Trustmark.* Accordingly, the Court must conclude that Plaintiffs' good faith, in conjunction with the fact that their position was "substantially justified," is sufficient to overcome the modest presumption in favor of costs under § 1332(g) and declines to award any of the costs sought.

## CONCLUSION

For the reasons set forth above, the Court finds that the modest presumption in favor of awarding reasonable costs to the prevailing party that is recognized in the Seventh Circuit has been overcome, and U.S. Trust's Bill of Costs [# 642] is therefore DENIED.