ADVOCATE HEALTH AND HOSPITALS CORPORATION, d/b/a Good Shepherd Hospital, Plaintiff, v. PAUL HEBER *et al.*, Defendants and Third-Party Plaintiffs-Appellants (Botts Welding and Truck Repair Employee Benefit Plan *et al.*, Third-Party Defendants-Appellees).

Second District    No. 2—04—0759

Opinion filed March 4, 2005.

Andrew H. Haber, Dennis R. Favaro, and Patrick J. Gorman, all of Favaro & Gorman, Ltd., of Palatine, for appellants.

Louis W. Brydges, Sr., of Law Offices of L.W. Brydges, Sr., & Associates, of Ingleside, for appellees.

JUSTICE CALLUM delivered the opinion of the court:

Pursuant to section 1132(g)(1) of the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1132(g)(1) (1994)), the circuit court of Lake County ordered Botts Welding & Truck Repair Employee Benefit Plan (the Plan) and Botts Welding & Truck Service, Inc. (Botts Welding) (collectively Botts), to pay Paul and Phyllis Heber (collectively the Hebers) attorney fees in the amount of $2,500, plus "usual and customary" costs. The Hebers appeal the order, arguing that the circuit court abused its discretion by awarding only $2,500 in attorney fees and by awarding "usual and customary" costs instead of "reasonable" costs. They also request that this court award them fees and expenses for this appeal. We affirm the circuit court's determination of attorney fees; we vacate the circuit court's award of "usual and customary" costs, and order the award of "reasonable" costs, to be determined by the circuit court on remand; and we deny an award of fees for this appeal.

## I. BACKGROUND

On April 10, 2002, Advocate Health and Hospitals Corp. (Advocate) sued the Hebers to recover fees in the amount of $14,119 for medical services provided to Paul Heber. Paul Heber was employed by Botts Welding and participated in the Plan, which was a health benefits plan that Botts Welding offered to its employees. The Plan, which was governed by ERISA, was administered by Kanawha Benefit Services, Inc. (Kanawha), to which Paul Heber's medical bills were sent. Shortly after Paul Heber received medical services from Advocate, however, the Plan terminated its relationship with Kanawha. Consequently, Kanawha did not pay Advocate for the medical services provided to Paul Heber.

After Advocate filed its lawsuit for nonpayment, the Hebers filed a third-party complaint against Botts. After its motion to dismiss was denied, Botts filed a third-party complaint against Kanawha. Kanawha, however, successfully moved to dismiss the suit against it, and the remaining parties proceeded through discovery. After discovery, the case proceeded to arbitration on January 23, 2004.

Based on an agreement between Botts and Advocate, the arbitration resulted in a stipulated award of $8,000 to be paid by Botts to Advocate. Additionally, in order to satisfy Paul Heber's remaining unpaid medical expenses, the arbitration panel awarded $4,780.50 to the Hebers, but reserved for the circuit court the issue of attorney fees and costs. The Hebers rejected this award.

Botts then filed a motion to dismiss the Hebers' third-party complaint, but the court denied the motion and set a May 18, 2004,

trial date. On May 18, 2004, pursuant to a stipulation by the parties, the court entered judgment in favor of the Hebers in the amount of $4,870.50.

On June 15, 2004, the Hebers petitioned for $31,507.50 in attorney fees and for $4,578.55 in costs under ERISA. Botts petitioned for fees under Supreme Court Rule 137 (155 Ill. 2d R. 137). Neither party requested an evidentiary hearing, but the court heard arguments on the motions. On June 28, 2004, the court entered an order that the Hebers' attorney prepared. In that order, the court denied Botts's petition, awarded the Hebers $2,500 in attorney fees plus their "usual and customary" costs, and found that Botts's failure to promptly satisfy the Hebers' claim demonstrated a lack of good faith. The order provided no reasons or findings with regard to either the reasonableness of the fees and costs or the hours and rates used to calculate the attorney fees.

No motion to reconsider was filed, and Botts has not filed an appeal. On July 28, 2004, however, the Hebers filed a timely notice of appeal from the June 28, 2004, order.

## II. ANALYSIS

■ Section 1132(g)(1) of ERISA (29 U.S.C. § 1132(g)(1) (1994)) gives a court the discretion to award "a reasonable attorney's fee and costs of action to either party." A trial court's decision to award attorney fees and costs pursuant to ERISA will not be disturbed on appeal, absent an abuse of discretion. *Cress v. Recreation Services, Inc.*, 341 Ill. App. 3d 149, 190 (2003). Where, as here, a cause is based solely upon a federal statute, this court's decision must be made in accordance with federal law. *Cress*, 341 Ill. App. 3d at 190. Although Illinois practices and procedures generally apply under such circumstances, state rules defer to federal law if following state practices and procedures would prevent the uniform application of a federal statute. *Cress*, 341 Ill. App. 3d at 190.

### A. Attorney Fees

■ The Hebers aver that an award of $2,500 in attorney fees is arbitrary and unreasonable, especially in light of the facts that they petitioned for $31,507.50 and that this cause of action arose under ERISA. We, however, cannot find an abuse of discretion based on the record before us, and therefore we must affirm the amount of the award.

On its face, the award in this case appears to be remarkably low. Nevertheless, the amount of the fee award is left to the discretion of the trial court for good reason: its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of

what essentially are factual matters." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 76 L. Ed. 2d 40, 53, 103 S. Ct. 1933, 1941 (1983). The discretion of the trial court, however, is not unchecked. The court may not arbitrarily reduce the award, and a reduction requires a clear and concise explanation. *Hutchison v. Amateur Electronic Supply, Inc.*, 42 F.3d 1037, 1048 (7th Cir. 1994). Because the abuse of discretion standard presupposes a reasoned exercise of discretion, the lack of an explanation for the reduction often is sufficient to constitute an abuse of discretion when the reasons for an unexplained decision are not apparent from the record. *Production & Maintenance Employees' Local 504 v. Roadmaster Corp.*, 954 F.2d 1397, 1405 (7th Cir. 1992). Under such circumstances, a reviewing court remands the cause to the trial court to allow the trial court to state its reasons for its decision. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452 (9th Cir. 1980); see also *Schikore v. BankAmerica Supplemental Retirement Plan*, 269 F.3d 956, 965 (9th Cir. 2001); *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984).

In this case, the circuit court's order provided no reasons or findings with regard to either the reasonableness of the fees and costs or the hours and rates used to calculate the attorney fees; nor are the reasons for the decision apparent from the record. Consequently, this cause normally would be remanded to allow the circuit court to provide its reasons. We note, however, that the deficient order was prepared by the Hebers' attorney, after the circuit court heard arguments on the matter. The reasonable inference, therefore, is that the circuit court ruled from the bench, but the appellate record does not contain a transcript of the hearing, making it impossible for this court to determine why the circuit court awarded only $2,500 in attorney fees. Try as we may, this court cannot divine the circuit court's reasons.

Notwithstanding this court's refusal to partake in guesswork, the Hebers invite us to award attorney fees based on the record. We decline the invitation. In their effort to lure this court into an exercise that seems perilously close to *de novo* review, the Hebers surprisingly state that the record on appeal is complete. Although complete to the extent that this court has been provided with the complete record as it exists on appeal, the record is devoid of any indication of the circuit court's reasoning. It does not contain the report of proceedings that might have given us some insight into why the award was so low, or at the very least might have illustrated that the circuit court never provided reasons for its decision.

In the event of the absence of a report of proceedings, Supreme Court Rule 323(c) (166 Ill. 2d R. 323(c)) authorizes a bystander's report, and Rule 323(d) (166 Ill. 2d R. 323(d)) authorizes an agreed

statement of facts. Neither of these alternatives has been provided to us in this case. It is the appellant's burden to preserve the trial evidence and to present a sufficiently complete record of the trial proceedings to support a claim of error on appeal. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of such a record, we must presume that the circuit court's decisions are in conformity with the law and have a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch*, 99 Ill. 2d at 392. Moreover, the Hebers' attorney had ample opportunity to ascertain the court's reasoning when the court entered its order, which the Hebers' attorney prepared (apparently without an objection as to the amount of the award or to the court's reasoning), or through a motion to reconsider the award. Therefore, any doubt about the circuit court's decision must be resolved against the Hebers.

Under the circumstances, this court cannot determine whether the circuit court abused its discretion by awarding the Hebers $2,500 in attorney fees under ERISA. Although the circuit court's written order did not provide the reasons for its decision, the Hebers' failure to provide a complete record on appeal leads to the presumption that the circuit court did not err. Therefore, we affirm the amount of the court's attorney fees award.

### B. Costs

■ The Hebers aver that the circuit court erred in awarding them the "usual and customary" costs of their action. The court did err, because parties prevailing under ERISA are entitled to the "reasonable" costs of their action.

Under ERISA, prevailing parties are entitled to recover "reasonable" costs. *Keach v. U.S. Trust Co., N.A.*, 338 F. Supp. 2d 931, 934 (C.D. Ill. 2004). The costs awarded must be a reasonable amount, and the incursion thereof must have been reasonably necessary to the litigation. See *Harkins v. Riverboat Services, Inc.*, 286 F. Supp. 2d 976, 979 (N.D. Ill. 2003). Although taxable costs are enumerated in the United States Code (28 U.S.C. § 1920 (1994)), and taxable costs must be awarded unless there are good reasons for denying them (*Harkins*, 286 F. Supp. 2d at 979), the trial court has broad discretion when making factual evaluations concerning whether an expense is a taxable cost (*Cress*, 341 Ill. App. 3d at 193).

The circuit court in this case has not made a determination as to the amount of "reasonable" costs that should be awarded to the Hebers. Because it is within the circuit court's discretion to do so, we remand this cause for a determination of the amount of "reasonable" costs that should be awarded to the Hebers.

## C. Fees and Expenses on Appeal

■ The Hebers request that this court award them their attorney fees and expenses for this appeal. The allowance of such fees and expenses are within this court's discretion. *Canseco v. Construction Laborers Pension Trust*, 93 F.3d 600, 609-10 (9th Cir. 1996). There is no reason to make such an award, especially in light of the Hebers' failure to provide a complete record on appeal.

## III. CONCLUSION

The circuit court's determination of attorney fees is affirmed. The circuit court's award of "usual and customary" costs is vacated. We remand this cause to the circuit court for entry of an order awarding the Hebers the "reasonable" costs of their action, to be determined by the circuit court on remand. We deny the Hebers' request for an award of fees for this appeal.

Affirmed in part and vacated in part; cause remanded.

GROMETER and GILLERAN JOHNSON, JJ., concur.