FIRST DIVISION

September 19, 2005

 No. 1-04-2338

LISA K. MUELLMAN-COHEN,

Plaintiff-Appellant,

v.

BRIAN BRAK, THERESA BRAK, and BRAK REALTY, INC.,

Defendants-Appellees.

)

)

)

)

)

)

)

)

)

)

Appeal from

the Circuit Court

of Cook County

No. 04 M 1301636 

Honorable

Moira S. Johnson,

Judge Presiding.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Plaintiff, Lisa K. Muellman-Cohen, brings this interlocutory appeal from the trial court order disqualifying her attorney, Felipe N. Gomez.  We vacate the trial court's order and remand with directions.

Plaintiff filed a personal injury action against defendants, Brian Brak, Theresa Brak and Brak Realty, Inc., to recover from injuries she allegedly sustained by falling outside defendants' home.  As part of discovery, defendants served plaintiff with an interrogatory that asked her to provide the name and address of all persons who were present immediately before, during or immediately after the accident.  Plaintiff's response included the name and address of her attorney, Gomez, who plaintiff said drove her to the emergency room.

Defendants moved to disqualify Gomez from representing plaintiff under Rule 3.7(a) of the Rules of Professional Conduct (134 Ill. 2d R. 3.7(a)).  That rule reads: "A lawyer shall not accept or continue employment in contemplated or pending litigation if the lawyer knows or reasonably should know that the lawyer may be called as a witness on behalf of the client, except [under certain circumstances]."  134 Ill. 2d R. 3.7(a).  Defendants argued Gomez is a post-occurrence witness to plaintiff's accident and would be called by the defense to testify.  A hearing was held on defendants' motion, at the end of which the trial court entered an order disqualifying Gomez.

We allowed plaintiff's petition for leave to appeal under Supreme Court Rule 306(a)(7) (Official Reports Advance Sheet No. 26 (December 24, 2003), R. 306(a)(7), eff. January 1, 2004).  We review the trial court's ruling for an abuse of discretion.  See 
Schwartz v. Cortelloni
, 177 Ill. 2d 166, 176, 685 N.E.2d 871 (1997) (decision to disqualify attorney is directed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion).

Defendants argue plaintiff's appeal fails under 
Foutch v. O'Bryant
, 99 Ill. 2d 389, 459 N.E.2d 958 (1984), because plaintiff has not provided a record sufficient for this court to review the trial court's ruling.  Defendants explain there was no court reporter at the hearing on defendants' motion to disqualify and, consequently, no transcript of that hearing.  Nor did the trial court's written order specify the grounds on which it relied to grant defendants' motion and disqualify Gomez as plaintiff's attorney.  Defendants maintain that, without such records of the proceedings below, we must affirm the trial court's order under the rule announced in 
Foutch
. Under 
Foutch
, an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error.  
Foutch
, 99 Ill. 2d at 391-92.  In the absence of such a record on appeal, it will be presumed that the order entered by the trial court conformed with the law and had a sufficient factual basis.  
Foutch
, 99 Ill. 2d at 391-92.  Doubts that arise from the incompleteness of the record will be resolved against the appellant.  
Foutch
, 99 Ill. 2d at 392.

Although plaintiff here properly filed a supporting record under Rule 328 (155 Ill. 2d R. 328), we do not know whether plaintiff could have provided a more complete record here.  The substantive issue we are asked to decide is whether Rule 3.7(a) of the Rules of Professional Conduct applies to disqualify Gomez from representing plaintiff on the ground that he drove plaintiff to the emergency room immediately after the accident occurred.  The obstacle presented by the record, as it has been submitted to us, is this: We have no way of knowing whether the trial court relied on Rule 3.7(a) in granting defendants' motion to disqualify.  Whether this failure is a failure of plaintiff to provide a sufficiently complete record, or that of the trial court to present grounds for its ruling either at the hearing or in its written order, we do not know.  But we do know this: If the trial court had relied on Rule 3.7(a), the trial court would have been in error because Rule 3.7(a) bears no applicability to these facts.

This court has repeatedly urged our trial judges to draft dispositive orders that set out the rationales for their decisions so that we may defer to the trial court's discretion with confidence.  See 
A.P. v. M.E.E.
, 354 Ill. App. 3d 989, 821 N.E.2d 1238 (2004) (adequate findings relieve the appellate courts of having to grope through the record to decide whether some combination of credible evidentiary items could sustain a line of factual and legal conclusions that would support the trial court's ultimate decision); 
In re Marriage of Adler
, 271 Ill. App. 3d 469, 476, 648 N.E.2d 953 (1995) (specific findings by the trial court form the predicate to the deference reviewing courts accord the trial court's exercise of its discretion); 
North Shore Sign Co. v. Signature Design Group, Inc.
, 237 Ill. App. 3d 782, 790-91, 604 N.E.2d 1157 (1992) (the considerable deference given a trial court's decision is predicated on the necessary requirement that the trial court make explicit factual findings on which a court of review may make an informed decision).  Given the seriousness of the trial court's decision to disqualify plaintiff's attorney, we will not presume the trial court acted in conformity with the law where the court has not set forth specific grounds on which we may defer to its judgment.

We vacate the trial court order and remand with directions that the trial court enter a written order specifying the grounds for its decision to disqualify plaintiff's attorney.

Vacated and remanded.

McBRIDE, J., concurs.

O'MALLEY, J., dissents.

JUSTICE O'MALLEY, dissenting:

I respectfully dissent from the majority's decision on this case.  I agree with defendants that 
Foutch v. O'Bryant
, 99 Ill. 2d 389, 391-92 (1984), is directly on point and that the issue presented here should be decided in conformance with that holding.

In response to defendants' interrogatories, plaintiff listed her attorney as a witness because she apparently called him immediately after her fall at Brak Realty.  He then took her to the emergency room.  Pursuant to defendants' motion, the attorney was disqualified.  As acknowledged by the majority, although the motion was predicated upon Rule 3.7 of the Code of Professional Conduct (134 Ill. 2d R. 3.7) (attorney as potential witness), it is unclear whether the court based its decision on Rule 3.7 or some other reason.  There was no record of any kind presented to this court which illuminated the basis for the decision. 

It is well settled that it is the appellant's burden to provide this court with an adequate record on which to base its review.  
Foutch
, 99 Ill. 2d at 391-92; see also 
Sapp v. Industrial Comm'n
, 222 Ill. App. 3d 1068, 1070 (1991).  The reasons for plaintiff's failure to provide such a record is as much a mystery as the reasons for the trial court's ruling.  It may be that there was no court reporter, as defendants state, but that circumstance is easily addressed in a number of ways.  A bystanders report is permitted by Supreme Court Rule 323(c) (166 Ill. 2d R. 323(c)) or an agreed statement of facts authorized under Rule 323(d) (166 Ill. 2d R. 323(d)) could have been filed.  Either might have provided the reasons for the disqualification at issue.  I agree with the majority that the trial court should state its reasons for the disqualification at issue.  I agree with the majority that the trial court should state its reasons for any ruling; nonetheless the primary responsibility for providing a complete record falls squarely on the appellant.  
Foutch
, 99 Ill. 2d at 391-92.  Contrary to the majority's holding, I would not shift the burden to the trial court.  Nor do I see the disqualification of plaintiff's counsel of choice in this case as a serious infringement of her right to pursue her case.  If the case has merit, there will be numerous lawyers willing to represent her.  

Here, plaintiff has wholly failed to provide an adequate record.  I see no reason under these facts to ignore the long-established rule enunciated in 
Foutch
, that any doubts which may arise from the incompleteness of the record are to be resolved against the appellant and the trial judge is presumed to have correctly followed the law.  
Foutch
, 99 Ill. 2d at 391-92.  This rule has been consistently followed in numerous cases.  See, 
e.g.
, 
Haudrich v. Howmedica, Inc.
, 169 Ill. 2d 525, 546-47 (1996); 
Advocate Health & Hospitals Corp. v. Heber
, 355 Ill. App. 3d 1076, 1080 (2005); 
In re K.S.
, 317 Ill. App. 3d 830, 832 (2000); 
In re Marriage of Drewitch
, 263 Ill. App. 3d 1088, 1096 (1994); 
Leggett v. Kumar
, 212 Ill. App. 3d 255, 274 (1991).  I therefore would affirm the trial court.