# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Parker v. Nichting*, 2012 IL App (3d) 100206

| | |
|---|---|
| Appellate Court Caption | GENERAL PARKER, Plaintiff-Appellant, v. PATRICK NICHTING, GEORGE JACOBS, JIM MONTELONGO, GARY SANDBERG, RYAN SPAIN, BARBARA VAN AUKEN, CLYDE GULLEY, WILLIAM SPEARS, DAVID WATKINS, Each Individually and in His or Her Capacity as a Peoria City Council Member; JIM ARDIS, Individually and in His Capacity as Mayor of Peoria; DAWN HENSON, Individually and in Her Capacity as a City of Peoria Employee; the CITY OF PEORIA MUNICIPAL GOVERNMENT, Defendants-Appellees. |
| District & No. | Third District<br>Docket No. 3-10-0206 |
| Filed | February 1, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action alleging that defendants, including a city, its mayor and city council members, violated the Open Meetings Act, the trial court abused its discretion in awarding plaintiff only $3,000 of the more than $22,000 in attorney fees he sought after summary judgment was entered in his favor finding that the council's vote on a particular matter was null and void, but the court's refusal to award punitive and compensatory damages was affirmed, since the reduction in the fees was made without findings regarding the reasonableness of the fees and costs or the hours and rates used as a basis for the request, but there was no basis for the court to award any monetary damages other than attorney fees and costs. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 07-L-442; the Hon. Joe Vespa, Judge, presiding. |
| Judgment | Affirmed in part and remanded with directions. |
| Counsel on Appeal | Richard Fedder, of Carbondale, for appellant. |
| | Randall P. Ray, of Peoria, for appellees. |
| Panel | JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion. Justices Lytton and Carter concurred in the judgment and opinion. |

**OPINION**

¶ 1    The plaintiff, General Parker, filed suit against the defendants, members of the Peoria city council, the mayor of Peoria, and the city of Peoria municipal government, for alleged violations of the Open Meetings Act (Act) (5 ILCS 120/1 *et seq.* (West 2006)). The trial court granted the plaintiff's motion for summary judgment and declared the defendants' vote null and void. The court later awarded the plaintiff $3,000 in attorney fees. On appeal, the plaintiff argues that: (1) the court's award of attorney fees was not reasonable; (2) he was entitled to a punitive damages award; and (3) the court improperly dismissed his request for monetary damages. We affirm in part and remand with directions.

¶ 2                                    FACTS
¶ 3    The plaintiff alleged in his complaint that the present case began on June 5, 2007, when the defendants approved a contract with an engineering firm to handle the combined sewer overflow project for the city of Peoria. The contract purportedly budgeted $20,000 to hire a minority engineering firm to assist minority contractors in the Peoria area bid competitively on the sewer project. The plaintiff asserts that the contract initially named Norris & Associates as the minority consultant; however, this provision was removed from the contract. The remaining contract was set for hearing at a later date.

¶ 4    The contract was next discussed at the October 9, 2007, city council meeting. In the days before the meeting, an agenda was posted that listed three options regarding the hiring of a minority engineering firm. Option A was the proposed contract to hire Norris & Associates.

In the time before the meeting began, a new agenda was circulated that contained options A, B, and C, and added option D. The defendants voted to approve options B and D. Options B and D used city resources to educate minority contractors and did not require the use of an outside consultant.

¶ 5    The plaintiff filed his *pro se* complaint on December 11, 2007. Count I alleged that the defendants had violated the Act because they had not provided 48 hours' notice on their posted agenda before they voted to accept option D. Count II alleged that the violation of the Act was part of a larger conspiracy engaged in by the defendants to avoid hiring minority contractors. Both counts requested compensatory damages, punitive damages, and attorney fees and costs, and further requested that the court void the defendants' October 9, 2007, vote.

¶ 6    The defendants moved to dismiss the plaintiff's complaint. The defendants' motion alleged that the plaintiff had failed to state a claim because the Act did not create a cause of action for damages. Therefore, there was also not a cause of action for conspiracy to violate the Act. The trial court later denied the plaintiff's requests for damages on both counts because they flowed "directly from the purported violation of the [Act]."

¶ 7    On February 21, 2008, the plaintiff filed a *pro se* motion for a preliminary injunction and temporary restraining order. On February 22, 2008, attorney Richard Fedder entered his appearance on behalf of the plaintiff. The court later denied the plaintiff's motion for a preliminary injunction.

¶ 8    On January 9, 2009, the parties agreed to resolve the case on their cross-motions for summary judgment. The court granted summary judgment for the plaintiff and declared the defendants' October 7, 2009, vote on options B and D null and void.

¶ 9    Thereafter, the plaintiff filed a motion for attorney fees, which alleged that he had incurred $22,435 in attorney fees during the pendency of the case. Fedder's attached billing statement listed several charges for travel expenses, which were incurred when he had to travel from his office in Carbondale to meetings and hearings in Peoria.

¶ 10    In December 2009, the court heard arguments on the plaintiff's motion for attorney fees. The court found that "there [was] no way that this case [was] deserving of $22,000 in attorney fees, meals, [and] travel time." However, it ruled that it was awarding attorney fees and costs to the plaintiff, but it was "going to carefully go through the presentation" and "ascertain what [was] a fair amount of time." The court also granted the plaintiff leave to file a supplemental motion for attorney fees. This motion requested an additional $5,195 for time Fedder spent replying to the defendants' motion that opposed an award of attorney fees.

¶ 11    The court noted in its subsequent written order that there were some "unique circumstances attending this case and the request for attorney fees." Specifically, Fedder billed 17.25 hours, or $3,105 in fees from December 1 to 6, 2007, for preparation of the complaint. However, the complaint was filed *pro se* and Fedder did not enter his appearance in the case until February 22, 2008. The court further noted that there were many immaterial facts that "seemed to bog down the entire case such that the attorney time was not efficiently used on the [p]laintiff's side." The court then denied any expenses or fees related to Fedder's travel since there were no allegations that the plaintiff had to obtain counsel from some

distance away. The court awarded the plaintiff $3,000 in "payment of reasonable attorney fees." The plaintiff appeals.

¶ 12                                        ANALYSIS

¶ 13                                   I. Attorney Fees

¶ 14     The plaintiff first argues that the court's award of attorney fees was in error. He further contends that the standard of review for a trial court's award of attorney fees under a statute is *de novo* because it involves an issue of statutory construction. *People v. Howard*, 228 Ill. 2d 428 (2008).

¶ 15     In the present case, we find that the appropriate standard of review for the trial court's award of attorney fees is abuse of discretion. We do not find that an award of attorney fees under the Act presents an issue of law requiring *de novo* review because the plain language of the statute provides that "[t]he court may assess against any party *** reasonable attorney's fees." 5 ILCS 120/3(d) (West 2006). Such language requires an exercise of judgment on the part of the trial court. In further support, we note that similar permissive language used in the Freedom of Information Act (5 ILCS 140/11(i) (West 2006)) has been interpreted to mean that an award of attorney fees is left to the discretion of the trial court. See *Lieber v. Board of Trustees of Southern Illinois University*, 316 Ill. App. 3d 266 (2000). Therefore, we will only disturb the trial court's award if it was an abuse of discretion.

¶ 16     From our review of the record, we have determined that the trial court abused its discretion when it awarded the plaintiff $3,000 of the over $22,000 in attorney fees he originally sought. The court made this significant reduction without making findings regarding the reasonableness of the fees and costs or the hours and rates used to calculate the fees request. See *Advocate Health & Hospitals Corp. v. Heber*, 355 Ill. App. 3d 1076 (2005) (trial court's arbitrary award of attorney fees required remand for trial court to state the reasons for its decision).

¶ 17     A trial court should consider a variety of factors when presented with a prevailing party's request for attorney fees. *Kaiser v. MEPC American Properties, Inc.*, 164 Ill. App. 3d 978 (1987). Such factors include: (1) the skill and standing of the attorney; (2) the nature of the case; (3) the novelty or difficulty of the issues and work involved; (4) the importance of the matter; (5) the degree of responsibility required; (6) the usual and customary charges for comparable services; (7) the benefit to the client; and (8) whether there was a reasonable connection between the fees charged and the amount involved in the litigation. *Id.*

¶ 18     In the present case, we were unable to discern from the record the trial court's reasoning for its fee reduction. We note that the trial court did not specifically consider the fee determination factors, but stated that the plaintiff's case was not deserving of $22,000. The trial court then awarded the plaintiff $3,000 without further explanation. Consequently, we remand this case to calculate reasonable attorney fees.

¶ 19                                 II. Punitive Damages

¶ 20     The plaintiff next argues that the court should have awarded punitive damages for the

defendants' violation of the Act. He concedes that the Act does not authorize an award of compensatory damages, but asserts that the court erred when it also denied his request for punitive damages. The plaintiff contends that a punitive damages award is necessary to deter the defendants from continuing to engage in their practice of discrimination.

¶ 21 We initially note that the Act does not provide for an award of punitive damages. However, the relief section of the Act states that the court

"may grant such relief as it deems appropriate, including granting a relief by mandamus requiring that a meeting be open to the public, granting an injunction against future violations of this Act, ordering the public body to make available to the public such portion of the minutes of a meeting as is not authorized to be kept confidential under this Act, or declaring null and void any final action taken at a closed meeting in violation of this Act." 5 ILCS 120/3(c) (West 2006).

Our primary objective in interpreting the language of this section of the Act is to ascertain and give effect to the intent of the legislature. *Blum v. Koster*, 235 Ill. 2d 21 (2009). The most reliable indicator of such intent is the plain language of the statute. *Southern Illinoisan v. Illinois Department of Public Health*, 218 Ill. 2d 390 (2006). We review issues of statutory interpretation *de novo*. *Id.*

¶ 22 The legislature stated that the intent of the Act is to "ensure that the actions of public bodies be taken openly and that their deliberations be conducted openly." 5 ILCS 120/1 (West 2006). Thus, we find that the legislature did not intend the Act to penalize public bodies for violations.

¶ 23 The plain language of the remedies section of the Act does not provide for relief in the form of punitive damages. 5 ILCS 120/3 (West 2006). In comparison, the Freedom of Information Act explicitly provides civil penalties for willful and intentional violations. 5 ILCS 140/11(j) (West 2010). If the legislature had intended for the violations of the Act to be corrected by the imposition of punitive damages or civil penalties, it could have noted them in the statute as it did in the Freedom of Information Act. Consequently, we find that the plain language of the Act provides the only remedies that were available to the plaintiff and that there was no other basis on which the court could have inferred a punitive damages remedy.

¶ 24 III. Damage Claim Dismissal

¶ 25 Finally, the plaintiff argues that the court improperly dismissed his prayer for damages in both counts of his complaint. The plaintiff contends that such a *sua sponte* denial of damages undermines the adversarial process.

¶ 26 We review the trial court's denial of damages made in response to a defendant's motion to dismiss *de novo*. *Glisson v. City of Marion*, 188 Ill. 2d 211 (1999).

¶ 27 The record reflects that the court's denial of damages was in response to the defendants' motion to dismiss. The defendants' motion specifically requested that the court dismiss the plaintiff's complaint because damages were not available for a violation of the Act and the plaintiff's second count was derived from a violation of the Act. Therefore, we find that the

court's denial of damages was not *sua sponte* but was taken in response to the defendants' motion to dismiss.

¶ 28 Moreover, we note that the plaintiff conceded that the violation of the Act did not give rise to a claim for compensatory damages. The plaintiff's concession on compensatory damages, combined with our finding regarding punitive damages, leads us to conclude that the court could not award monetary damages, aside from attorney fees and costs, to the plaintiff. Additionally, we find that the court correctly determined that the plaintiff's second count did not raise an independent claim on which relief could be granted because it was derived from a violation of the Act. Therefore, we affirm the court's denial of damages on both counts of the plaintiff's complaint.

¶ 29                                          CONCLUSION

¶ 30 For the foregoing reasons, we affirm the Peoria County circuit court's judgment denying punitive and compensatory damages. We remand to calculate reasonable attorney fees.

¶ 31 Affirmed in part and remanded with directions.